UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

RECEIVED
2006 JUL 20 A 9:55
DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | | |
|---|---|---|
| Roger Wright, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No.: 1:06CV647-WKW |
| | § | |
| Pemco World Air Services, Inc. | § | JURY DEMAND |
| | § | |
| Defendant. | § | |

## COMPLAINT

### INTRODUCTION

1. This is an action for legal and equitable relief to redress unlawful conduct under the Family and Medical Leave Act of 1993("FMLA"), 29 U.S.C. §2601 et. seq., the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §621 et. seq., the Americans with Disabilities Act ("ADA"), 42 U.S.C. 12101 et. seq., and the Employee Retirement Income Security Act ("ERISA"), 29 USC 1001, et. seq. Suit is also brought to redress the deprivation of rights secured by Alabama State law. The Plaintiff requests a trial by jury of all issues so triable to a jury.

### JURISDICTION

2. Jurisdiction is invoked pursuant to 28 U.S.C. §§1331, 29 U.S.C. §2601, and 29 U.S.C. 621 et. seq. Supplemental jurisdiction is appropriate pursuant to 28 U.S.C. §1367.

3. The Defendant, Pemco World Air Services, Inc., ("Pemco") employed the Plaintiff in Dale County, Alabama where the events or omissions giving rise to the plaintiff's claim occurred. Therefore, venue in the Middle District of Alabama is proper pursuant to 28 U.S.C. §1391.

## PARTIES

4.  The Plaintiff, Roger Wright, was employed at Pemco for over 16 years and at the time of his termination was 55 years old. At all relevant times herein, he has been a resident of the State of Alabama. During the twelve month period, before taking Family Medical Leave, Wright worked in excess of 1250 hours and therefore, was an "eligible employee" under the Family and Medical Leave Act 29 U.S.C. §2611(2).

5.  The Defendant is a Delaware corporation and is doing substantial business in Dale County. It also employs more than 50 people and is an employer for all purposes herein.

## STATEMENT OF FACTS

6.  Mr. Wright worked for Pemco from 1968 to 1972 and then returned to work for them in 1989. In 1997 he was promoted to the position of the Manager of Facilities and was well qualified for his job. During 2005 Pemco began to cut back on its labor. Wright's immediate supervisor was the Director of Facilities, Henry Ward. Wright was informed that the initial plan was to do away with the Director's position and keep the Manager of Facilities position. Mr. Ward therefore retired and Wright was to be retained as the Manager of Facilities.

7.  In June 2005, Wright's doctor told him that he must have surgery in order to avoid permanent spinal damage and therefore surgery was scheduled for June 8, 2005. Wright therefore had a serious health condition and was entitled to protection under the FMLA and he informed management of the need for leave right away.

8. In planning for the leave, Wright spoke with Dennis Johnson, Vice President of Operations, prior to the surgery about staffing his position and Johnson agreed to move the evening shift facilities supervisor to temporarily cover for Wright. On June 3, 2005, however, Johnson indicated that he had changed his mind and that he would instead bring in Clarke Briody, a younger individual with no disabilities and no experience as a facilities manager to fill the job. He then asked Wright to train Briody for the position, which Wright did on June 6 and June 7, 2005.

9. Wright then had surgery on June 8, 2005 and the normal recovery time for this surgery is six to eight weeks. At his four week doctor's appointment on July 6, 2005, Wright requested that he be allowed to go back to work two weeks early and the doctor reluctantly agreed after they discussed Mr. Wright's duties in management. The doctor allowed Wright to return to work effective July 11, 2005, but restricted him to six hour days. Mr. Wright phoned Johnson on July 6, 2005 and informed him that he would be back to work on Monday July 11, 2005, but on restricted status. Johnson told him to report to HR on Thursday, July 7th for a drug screen.

10. Mr. Wright reported to HR on July 7, 2005, but HR said that no drug screen was required. Instead, Johnson informed Wright that Briody was permanently replacing him and that Wright would be demoted to a supervisory position with a pay cut. Wright reluctantly accepted the lower position. During this conversation, Wright also stated that since he would be on six hour days for the next two weeks and since he was not returning to his former job as a manager, he wanted to take the two weeks as suggested by his doctor to

3

fully recover and come back to the supervisor's position on full eight hour days. Johnson approved the leave and agreed that the return to work date would be Monday July 25, 2005.

11. On July 14, 2005, while still on leave, Wright was terminated.

12. The plaintiff has met all administrative conditions for filing this case under the above statutes. He filed a timely charge with the Equal Employment Opportunity Commission and is filing this suit within 90 days of receiving notice of his right to sue.

13. The Plaintiff has no adequate, or complete remedy at law to redress the wrongs alleged herein, and this suit for a declaratory judgment, back pay, mental anguish, an injunction, and compensatory and punitive damages is his only means of securing adequate relief. The Plaintiff is now suffering and will continue to suffer irreparable injury from Defendant's unlawful policies and practices as set forth herein unless enjoined by this Court.

## COUNT ONE
## FAMILY AND MEDICAL LEAVE ACT

14. The Plaintiff realleges and incorporates by reference paragraph 1 through 13 above.

15. The Defendant, through its agents and employees, unlawfully discriminated and retaliated against the Plaintiff for taking federally protected medical leave under the FMLA by failing to restore the plaintiff to his position following the leave and then demoting and terminating him.

16. As a proximate result of the foregoing acts and omissions of the Defendant, the Plaintiff has suffered damages including, but not limited to past and future lost wages, salary, employment benefits, or other compensation which were denied him by reason of the violation, together with the interest, and liquidated damages.

4

17. The plaintiff also seeks such equitable relief as may be appropriate, including employment, reinstatement, and promotion, and/or future earnings.

18. The plaintiff will also seek an award of attorney's fees, expert witness fees, and other costs of the action to be paid by the defendant and other damages allowed by law.

WHEREFORE, the plaintiff prays that judgment be entered in his favor and against the defendant herein for all such damages which are allowed by law to redress the wrong committed in violation of the Family Medical Leave Act

## COUNT II

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS (TORT OF OUTRAGE)

19. Plaintiff realleges and incorporates by reference herein paragraphs 1 through 18.

20. The Defendant engaged in extreme and outrageous conduct by unlawfully denying the plaintiff his rights under federal and state law and by intentionally dealing with the Plaintiff in a way as to intentionally cause the most distress possible. Defendant's conduct was not only unlawful, but was utterly atrocious and is conduct which is not tolerated by society.

21. As a proximate result of the acts and omissions of the Defendant, the Plaintiff has suffered damages including past and future loss of earnings, benefits and other compensation, interest attorneys' fees, costs and other pecuniary loss.

22  As a further proximate result of Defendants' conduct, the Plaintiff has suffered from severe emotional and mental distress, anguish, humiliation, embarrassment, shock, pain, discomfort and anxiety.

WHEREFORE, the Plaintiff prays that judgment be entered in his favor and against the Defendant herein for all such compensatory and punitive damages which are allowed by law.

## COUNT III

## AGE DISCRIMINATION IN EMPLOYMENT ACT

23. Plaintiff realleges and incorporates by reference herein paragraphs 1 through 22 above.

24. The Defendant willfully violated the Age Discrimination in Employment Act, 29 U.S.C. 621 et. seq. by intentionally and/or willfully demoting and then terminating the plaintiff because of his age, and then replacing him with a substantially younger individual.

25. As a proximate result of the foregoing acts and omissions of the Defendant, the Plaintiff has suffered damages including, but not limited to past and future lost wages, salary, employment benefits, or other compensation which were denied him by reason of the violation, together with the interest, and liquidated damages.

26. The plaintiff also seeks such equitable relief as may be appropriate, including but not limited to employment, reinstatement, and promotion.

27. The plaintiff will also seek an award of attorney's fees, expert witness fees, and other costs of the action to be paid by the defendant and other damages allowed by law.

WHEREFORE, the plaintiff prays that judgment be entered in his favor and against the defendant herein for all such damages which are allowed by law to redress the wrong committed in violation of the Age Discrimination in Employment Act.

## COUNT IV
## AMERICANS WITH DISABILITIES ACT
### Perceived disability

28. Plaintiff realleges and incorporates by reference herein paragraphs 1 through 27 as set forth above.

29. The plaintiff is an individual who was well qualified for his position and fully able to perform the duties of his job, but who was wrongfully regarded by his employer as being disabled under the Equal Opportunity for Individuals with Disabilities Act, commonly known as the Americans with Disabilities Act, 42 U.S.C. 12101 et. seq.  The Defendant wrongfully discriminated against the plaintiff in violation of the ADA by demoting and then replacing plaintiff with an individual, whom it perceived to have no such disability.

30. As the proximate result of the acts and omissions of the Defendant, the Plaintiff has suffered damages including loss of past and future earnings, benefits, interest, costs and other pecuniary loss.

31. As a further proximate result of the conduct of the Defendant, the Plaintiff has suffered from severe emotional and mental distress, anguish, humiliation, embarrassment, fright, shock, pain, discomfort and anxiety.

32. Plaintiff therefore seeks legal and equitable relief and an Order requiring the defendants to make the plaintiff whole by awarding him compensatory damages for the wrong endured and punitive and/or nominal damages as determined by the jury.

33. The plaintiff further prays for such other relief and benefits as the cause of justice may require, including, but not limited to, an award of costs, attorney's fees and expenses.

WHEREFORE, the plaintiff prays that judgment be entered in his favor and against the defendant herein for all such damages which are allowed by law to redress the wrong committed in violation of the Americans with Disabilities Act.

## COUNT V
## ERISA

34. Plaintiff realleges and incorporates by reference herein paragraphs 1 through 33 as set forth above.

35. The Defendant also violated the Employee Retirement Income Security Act, 29 USC 1140, by wrongfully discriminating against Wright for the purpose of interfering with the attainment of an ERISA right or benefit to which he would otherwise be entitled.

36. As the proximate result of the acts and omissions of the Defendant, the Plaintiff has suffered damages including loss of earnings, benefits, loss of future earnings attorneys' fees, interest, costs and other pecuniary loss.

WHEREFORE, the plaintiff prays that judgment be entered in his favor and against the defendant herein for all such damages which are allowed by law to redress the wrong committed in violation of the Employee Retirement Income Security Act.

**EQUITABLE PRAYER FOR RELIEF**

**WHEREFORE,** the plaintiff, in addition to the above claimed legal remedies also prays for a declaratory judgment holding that the actions of the Employer, described above,

violated and continue to violate the rights of the plaintiff as secured by the respective federal statutes and that a permanent injunction enjoining the Employer, their agents, affiliates, successors, employees, attorneys and those acting in concert with the defendant and on the defendant's behalf from continuing to violate such laws and for such other and equitable relief as appropriate.

Respectfully submitted this 19 day of July, 2006.

_____
Elizabeth B. Glasgow – ASB-8348-S58E
Harry Hall – ASB-1371– L71H
Farmer, Price, Hornsby & Weatherford, L.L.P.
100 Adris Place (36303)
Post Office Drawer 2228
Dothan, Alabama 36302
Tel:   334/793-2424
Fax:   334/793-6624

**PLAINTIFF DEMANDS TRIAL BY STRUCK JURY
ON ALL ISSUES TRIABLE TO A JURY.**

_____
Elizabeth B. Glasgow

**SERVE DEFENDANT AT:**

Pemco World Air Services, Inc.
c/o Doris Sewell, Registered Agent
1943 50th Street
Birmingham, AL 35212

Courtesy copy to:

9

Mr. Jeff Lee
Maynard, Cooper & Gale, P.C.
1901 Sixth Avenue, North
2400 Am South/Harbert Plaza
Birmingham AL 35203-22618