IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| ROGER WRIGHT, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | CASE NO.: 1:06CV647-WKW |
| | ) | |
| PEMCO WORLD AIR SERVICES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## ANSWER

Defendant Pemco World Air Services, Inc. ("Pemco" or "Defendant") hereby answers Plaintiff Roger Wright's ("Plaintiff") Complaint as follows:

### INTRODUCTION

1. Defendant admits that this is an action seeking redress under the FMLA, the ADEA, the ADA, ERISA, and Alabama law, but expressly denies any violation of said statutes or law.

### JURISDICTION

2. Defendant admits that the Court has jurisdiction over the statutes listed in Paragraph 2 of Plaintiff's Complaint but denies any violation of said statutes.

3. Defendant admits that venue is proper.

### PARTIES

4. Defendant admits it employed Plaintiff and Plaintiff was over the age of 40 when his position was eliminated. Defendant denies the remaining allegations contained in Paragraph 4 of Plaintiff's Complaint.

5. Defendant admits that it employs over 50 people and is a Delaware corporation. Defendant denies the remaining allegations contained in Paragraph 5 of Plaintiff's Complaint.

## STATEMENT OF FACTS

6. Defendant denies the allegations contained in Paragraph 6 of Plaintiff's Complaint.

7. Defendant denies the allegations contained in Paragraph 7 of Plaintiff's Complaint.

8. Defendant denies the allegations contained in Paragraph 8 of Plaintiff's Complaint.

9. Defendant denies the allegations contained in Paragraph 9 of Plaintiff's Complaint.

10. Defendant denies the allegations contained in Paragraph 10 of Plaintiff's Complaint.

11. Defendant denies the allegations contained in Paragraph 11 of Plaintiff's Complaint.

12. Defendant admits Plaintiff filed a charge with EEOC within 180 days of his position being eliminated and filed this lawsuit within 90 days of EEOC's issuance of his right to sue notice. Defendant denies the remaining allegations contained in Paragraph 12 of Plaintiff's Complaint.

13. Defendant denies the allegations contained in Paragraph 13 of Plaintiff's Complaint.

## COUNT ONE
## FAMILY AND MEDICAL LEAVE ACT

14. Defendant adopts by reference each of its responses to Paragraphs 1 through 13 of the Complaint as it set forth herein in full.

15. Defendant denies the allegations contained in Paragraph 15 of Plaintiff's Complaint.

16. Defendant denies the allegations contained in Paragraph 16 of Plaintiff's Complaint.

17. Defendant denies the allegations contained in Paragraph 17 of Plaintiff's Complaint.

18. Defendant denies the allegations contained in Paragraph 18 of Plaintiff's Complaint.

Defendant denies that Plaintiff is entitled to any relief in this action including the relief requested in the paragraph in Plaintiff's complaint beginning with "WHEREFORE."

## COUNT II
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS (TORT OF OUTRAGE)

19. Defendant adopts by reference each of its responses to Paragraphs 1 through 18 of the Complaint as it set forth herein in full.

20. Defendant denies the allegations contained in Paragraph 20 of Plaintiff's Complaint.

21. Defendant denies the allegations contained in Paragraph 21 of Plaintiff's Complaint.

22. Defendant denies the allegations contained in Paragraph 22 of Plaintiff's Complaint.

Defendant denies that Plaintiff is entitled to any relief in this action including the relief requested in the paragraph in Plaintiff's complaint beginning with "WHEREFORE."

## COUNT III
## AGE DISCRIMINATION IN EMPLOYMENT ACT

23. Defendant adopts by reference each of its responses to Paragraphs 1 through 22 of the Complaint as it set forth herein in full.

24. Defendant denies the allegations contained in Paragraph 24 of Plaintiff's Complaint.

25. Defendant denies the allegations contained in Paragraph 25 of Plaintiff's Complaint.

26. Defendant denies the allegations contained in Paragraph 26 of Plaintiff's Complaint.

27. Defendant denies the allegations contained in Paragraph 27 of Plaintiff's Complaint.

Defendant denies that Plaintiff is entitled to any relief in this action including the relief requested in the paragraph in Plaintiff's complaint beginning with "WHEREFORE."

## COUNT IV
## AMERICAN WITH DISABILITIES ACT
### Perceived disability

28. Defendant adopts by reference each of its responses to Paragraphs 1 through 27 of the Complaint as it set forth herein in full.

29. Defendant denies the allegations contained in Paragraph 29 of Plaintiff's Complaint.

30. Defendant denies the allegations contained in Paragraph 30 of Plaintiff's Complaint.

31. Defendant denies the allegations contained in Paragraph 31 of Plaintiff's Complaint.

32. Defendant denies the allegations contained in Paragraph 32 of Plaintiff's Complaint.

33. Defendant denies the allegations contained in Paragraph 33 of Plaintiff's Complaint.

Defendant denies that Plaintiff is entitled to any relief in this action including the relief requested in the paragraph in Plaintiff's complaint beginning with "WHEREFORE."

## COUNT V
## ERISA

34. Defendant adopts by reference each of its responses to Paragraphs 1 through 33 of the Complaint as it set forth herein in full.

35. Defendant denies the allegations contained in Paragraph 35 of Plaintiff's Complaint.

36. Defendant denies the allegations contained in Paragraph 36 of Plaintiff's Complaint.

Defendant denies that Plaintiff is entitled to any relief in this action including the relief requested in the paragraph in Plaintiff's complaint beginning with "WHEREFORE."

## EQUITABLE PRAYER FOR RELIEF

Defendant denies that Plaintiff is entitled to any relief in this action including the relief requested in the paragraph in Plaintiff's complaint beginning with "WHEREFORE."

## AFFIRMATIVE AND/OR ADDITIONAL DEFENSES

Defendant hereby asserts the following defenses:

1. Plaintiff's Complaint, in whole or in part, fails to state a claim against Defendant upon which relief can be granted.

2. Unless expressly admitted, Defendant denies the material allegations of Plaintiff's Complaint and demands strict proof thereof.

3. All of Defendant's employment decisions regarding or affecting Plaintiff were made for legitimate, non-discriminatory, non-retaliatory reasons that would have led to the same decision even if improper motive had influenced the decision-making process.

4. Without conceding that Defendant has the burden of proof on this issue, and expressly denying that Plaintiff suffered any actionable damages, Defendant avers that, through use of diligent efforts, Plaintiff could have mitigated his alleged loss of earnings and other damages, if any, and, upon information and belief, failed to do so.

5. Any damages suffered by Plaintiff were not caused by any action, conduct, or behavior or incidents for which Defendant is or could be liable.

6. To avoid waiver, Defendant states that Plaintiff's claims are barred by the applicable statute of limitations or are otherwise untimely.

7. Some or all of Plaintiff's claims are barred by Plaintiff's failure to timely pursue and/or exhaust all required administrative remedies and/or to satisfy all necessary jurisdictional prerequisites to the filing of this suit.

8. Plaintiff is not entitled to punitive damages under federal law.

9. Defendant may not be held liable for punitive and/or liquidated damages as Defendant has undertaken a good faith effort to comply with the Age Discrimination in Employment Act, the Americans with Disabilities Act, and related laws and has never acted with malice or with reckless indifference to federally protected or related civil rights.

10. Plaintiff's claims and/or alleged damages may be limited by the after-acquired evidence doctrine.

11. To avoid waiver, Plaintiff was not a qualified individual with a disability because Plaintiff's alleged condition is not a "disability" within the meaning of the ADA, Plaintiff was not "qualified" within the meaning of the ADA, and/or Defendant did not perceive Plaintiff to have a disability.

12. Even if Plaintiff was a qualified individual with a disability, which Defendant denies, Plaintiff failed to request or identify to Defendant a reasonable accommodation. Any accommodations requested by Plaintiff were not reasonable under the circumstances, or would have caused or resulted in undue hardship to Defendant. Plaintiff was unable to perform the essential functions of the job he was hired to perform with or without reasonable accommodation. Plaintiff does not allege that there was another available position that he was qualified to perform, and that a reasonable accommodation could have been made as to that position. Plaintiff does not allege that there was any available or vacant positions at any time when he was a qualified individual with a disability.

13. To avoid waiver, Defendant states that Plaintiff's claims may be barred, in whole or in part, by the doctrines of res judicata, estoppel, release and waiver.

14. Plaintiff is not entitled to punitive damages under Alabama law.

15.     Plaintiff was an at-will employee under Alabama law.

16.     Defendant denies that it has been guilty of any conduct which warrants the issuance of punitive damages being submitted to a jury.

17.     Any award of punitive damages to Plaintiff in this case would be in violation of the constitutional safeguards provided to Defendant under the Constitutions of the State of Alabama and/or the United States.

18.     Plaintiff's claims for the recovery of punitive damages are barred by Ala. Code § 6-11-20 (1993) and/or 6-11-27 (1993) *et seq.*

19.     A party cannot be liable for the tort of outrage "where he has done no more than to insist upon his legal rights in a permissible way, even though he is well aware that such insistence is certain to cause emotional distress." *See American Road Service Co. v. Inmon*, 394 So. 2d 361, 368 (Ala. 1980).

20.     With respect to Plaintiff's demand for punitive damages, Defendant specifically incorporates by reference any and all standards or limitations regarding the determination and/or enforceability of punitive damage awards which arose in the decision of *BMW of No. America v. Gore,* 116 U.S. 1589 (1996).

21.     Plaintiff failed to provide Pemco with appropriate notice and/or certification pursuant to the FMLA.

22.     To avoid waiver, Plaintiff did not qualify for FMLA leave.

23.     To the extent that any of the alleged unlawful acts occurred, Defendant neither authorized nor ratified such acts.

24. Defendant is not liable for actions of its agents, servants and/or employees committed outside of the scope of their employment.

25. Damages are limited by Plaintiff's contributory negligence.

26. Pemco respectfully reserves the right to assert other defenses, objections and claims as discovery progresses or when it otherwise becomes appropriate during the course of this civil action.

    /s John B. Holmes, III
JEFFREY A. LEE
JOHN B. HOLMES, III
Attorneys for Defendant
Pemco World Air Services, Inc.

OF COUNSEL:

MAYNARD, COOPER & GALE, P.C.
1901 Sixth Avenue North, Suite 2400
Birmingham, Alabama 35203
Telephone:   (205) 254-1000
Facsimile:   (205) 254-1999
Email: jlee@maynardcooper.com
       jholmes@maynardcooper.com

**CERTIFICATE OF SERVICE**

    I hereby certify that on the 14th day of August, 2006, a true and correct copy of the foregoing was electronically filed with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Elizabeth B. Glasgow
Harry Hall
Farmer, Price, Hornsby & Weatherford, L.L.P.
100 Adris Place (36303)
Post Office Drawer 2228
Dothan, Alabama  36302

                                  /s John B. Holmes, III
                                  Of Counsel