## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| Roger Wright, | § |
| | § |
|      Plaintiff, | § |
| | § |
| v. | §      Civil Action No.: 1:06 cv 647-WKW |
| | § |
| Pemco World Air Services, Inc. | § |
|      Defendant. | § |

## MOTION TO COMPEL

Comes now the Plaintiff, Roger Wright, and pursuant to Rule 37 of the Federal Rules of Civil Procedure, moves this court for an order compelling the Defendant to respond to certain discovery matters and as grounds therefor, the Plaintiff states as follows:

1.    The Plaintiff served interrogatories and request for production of documents on the Defendant on or about January 23, 2007.   On February 26, 2007, the Defendant responded, a copy of the response is attached herein as Exhibit A.   On June 7, 2007, the undersigned wrote to Defendant's counsel and requested that the Defendant provide the information requested but no response has been received.   (See Exhibit B.)   The areas of contention are as follows:

a.    First, with regard to initial disclosures, Defendant has failed, despite requests, to provide a copy of the applicable insurance agreement in this case as required under Rule 26.

b.    Defendant's answers to interrogatories are also incomplete and unverified. Defendant's letter of February 26, 2007 indicates that Defendant intended to send verified responses (Exhibit C), but Plaintiff has never received the verified responses.

c.    Defendant's Answers to Interrogatories are also insufficient without a privilege log as required by Rule 26.

d.      With regard to Interrogatory #2, Defendant's response is insufficient. Defendant was asked to identify the name, address and job title of any person who participated in an investigation of Plaintiff's complaints. Such information is not covered by any privilege, nor do the Initial Disclosures provide any answer to this question.

e.      With regard to Interrogatory #4, Defendant generally refers to the "documents produced" without specifying the specific bates page number which would respond to Interrogatory #4. Defendant has produced over fifty pages of lists and charts without labeling them to correspond to the interrogatory request as required under Rule 34 (b)(ii).

f.      With regard to Interrogatory #5, Defendant indicated that the information will be provided, but Plaintiff has not received anything on this request.

g.      With regard to Interrogatory #6, the request is specifically limited and is relevant to the age discrimination claim and therefore Defendant has improperly failed to fully answer #6. Also, Defendant indicated that some documents are produced in response to this request, but again, Defendant did not identify the specific bates page which corresponds to Defendant's answer to this interrogatory.

h.      With regard to Interrogatory #7, Defendant's response is the same as Interrogatory #6 and therefore again, Plaintiff would request a full response and also ask Defendant to identify the documents that are responsive to this interrogatory.

i.      With regard to Interrogatory #8, this is the same issue as #6 and #7.

j.      With regard to Interrogatory #9 and #10, again, this information is not overly broad and Plaintiff would request a full response to the interrogatories and that Defendant also identify the documents which are responsive to these questions.

k.      With regard to Interrogatory #12, again, Defendant has not identified the specific documents that are responsive to this interrogatory.

l.      With regard to Interrogatory #18, Defendant did not provide the information that is responsive to this interrogatory.

m.      With regard to Interrogatory #19, Defendant has not identified the specific documents that are responsive to this interrogatory and Defendant has not described any evidence which the Defendant has at this time which is responsive to this interrogatory.

n.      With regard to Interrogatory #22, this request is not overly broad and Defendant has not answered.

o.      With regard to Interrogatory #23, this request is not overly broad and Defendant has not answered.

p.       With regard to Interrogatory #25, this information is highly relevant to Plaintiff's age discrimination claim and Plaintiff is only asking for information for six years. This is certainly a reasonable time period for discovery.

q.      With regard to Defendant's response to Plaintiff's Request to Produce Documents, again, Defendant has not identified the bates page numbers which correspond with the specific request. Also, again, to the extent that Defendant claims privilege, Plaintiff would request that Defendant produce the privileged log.

r.      With regard to Document Request #11, the records which Defendant has produced are inadequate. Although there are statements of earnings of other employees, Roger Wright's statement of earnings is not included, nor is there any information supplied regarding his retirement pension records, payroll records, benefit records, insurance records, etc. Plaintiff is

aware of time sheets which Roger Wright kept on the job and also payments of overtime and none of these have been produced.

s.       With regard to Document Request #12, Plaintiff has not received the personnel files of Ray Bennett, Dennis Johnson, or Henry Ward, key witnesses in the case. Plaintiff has received some records with respect to Clark Briody, but again, because Defendant has not identified the specific bates numbers which pertain to this document request, it is not clear from what Defendant has produced as to whether this Request #12 has been fully answered.

t.       With regard to Document Request #13, Defendant's response indicates that it has provided us with copies of the job descriptions. To Plaintiff's knowledge, job descriptions have not been so provided.

u.       With regard to Document Request #15, Defendant indicates that additional documents will be produced, but nothing has been received. Nothing has been produced with regard to the Plaintiff's salary, bonuses, plan benefits, pension and other benefits items which are clearly discoverable in an employment case.

v.       With regard to Document Request #16, this information has not been produced. It is highly relevant considering Defendant's defense in this case and therefore, this information should be produced.

w.       With regard to Document Request #20 and #22, again, this is highly relevant information and should be produced.

2.       Plaintiff hereby certifies that counsel for both parties have met and conferred and have been unable to resolve their differences without court action. In addition to telephone conversations, Plaintiff corresponded with Defendant's counsel on June 7, 2007 and July 6, 2007. (Exhibit B & D.) The parties also met and discussed these issues on July 11, 2007.

Defendant's delay has had the effect of impeding discovery in this case and Plaintiff is being forced to conduct depositions without the documents which Defendant is obligated to produce.

Wherefore, the Plaintiff prays that this court grant his motion to compel the Defendant to provide full responses to the Plaintiff's discovery requests and for such other relief as allowed by Rule 37.

Respectfully submitted,

**_s/ Elizabeth B. Glasgow_____**
Elizabeth B. Glasgow
ASB-8348- S58E
Attorney for Plaintiff
P.O. Box 2228
Dothan, Alabama 36302
(334) 793-2424
F. (334) 793-6624
eglasgow@fphw-law.com

## CERTIFICATE OF SERVICE

I hereby certify that on January 27, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

John Holmes, Esq.
Maynard, Cooper & Gale, P.C.
1901 Sixth Avenue North, Suite 2400
Birmingham, AL 35203

**__s/ Elizabeth B. Glasgow_____**

### UNITED STATES DISTRICT COURT
### FOR THE MIDDLE DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | |
|---|---|
| Roger Wright, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )  Civil Action No.: 1:06-CV- 647-WKW |
| | ) |
| Pemco World Air Services, Inc. | ) |
|     Pemco. | ) |

### PEMCO'S OBJECTIONS AND RESPONSES
### TO PLAINTIFF'S FIRST INTERROGATORIES

COMES NOW Defendant Pemco World Air Services, Inc. ("Pemco") and for its responses to Plaintiff's First Interrogatories states the following:

### GENERAL OBJECTIONS

All of the General Objections set forth herein are incorporated in each of the specific responses to the Interrogatories ("Requests") set forth below and have the same force and effect as if fully set forth therein.

1.    Pemco objects to the Requests to the extent that they seek information protected against disclosure by the attorney-client privilege, the work-product doctrine, the self-critical analysis privilege, or other applicable privileges and protections ("Privileged Information"). Any undertaking to provide information should be understood to exclude any Privileged Information.

2.    Pemco objects to the Requests to the extent that they seek trade secret, proprietary, confidential, nonpublic, or commercial information of Pemco ("Confidential Information"). To the extent that Pemco discloses Confidential Information, it will do so only

1



after an appropriate confidentiality agreement has been entered into by all parties or, if necessary, pursuant to a protective order issued by this Court.

3.    Pemco objects to the Requests to the extent that they seek information that Pemco is required to maintain in confidence pursuant to an agreement or understanding with any third party or that otherwise is protected under contractual, constitutional, statutory, and/or common law rights of confidentiality and privacy.  Specifically, in this regard, Pemco objects to the Requests to the extent that they seek information containing confidential, private, or personal information relating to former and/or present Pemco employees who are not parties to this action.

4.    Pemco objects to the Requests to the extent that they seek information that is not relevant to the claims set forth in the Complaint or seek information that relates to former and/or present Pemco employees who are not parties to this action, on the grounds that they seek information that is not relevant to any genuine issue presented by plaintiff's claims nor reasonably calculated to lead to the discovery of admissible evidence.

5.    In making these objections, Pemco does not in any way waive or intend to waive, but rather intends to preserve and is preserving:

All rights to object on any ground to the use of any information that may be provided in response to the Requests, or the subject matter thereof, in any subsequent proceedings, including the trial of this or any other matter.

All rights to object on any ground to any request for further responses to the Requests or any subsequent requests.

Pemco's failure to object to any individual request on a particular ground or grounds shall not be construed as a waiver of its rights to object on any additional ground(s).

Pemco objects to the Requests to the extent that they contain undefined, ambiguous, or ambiguously defined terms.

6.    Pemco's objections to the Requests are made without waiver of, or prejudice to, any additional objections Pemco may make.

7.    All such objections are hereby expressly preserved as is the right to move for a protective order.

8.    Pemco reserves all objections as to the admissibility at trial of any information provided. The supplying of any information does not constitute an admission by Pemco that such information is relevant in this lawsuit. All information provided by Pemco is for use in this litigation only and for no other purpose.

9.    Pemco objects to the Requests to the extent that the information called for, if any, was obtained and prepared in anticipation of litigation or for trial and Plaintiff has made no showing that he has substantial need for the materials in the preparation of his case and that he is unable, without undue hardship, to obtain the substantial equivalent of the materials by other means.

10.    Pemco objects to the Requests to the extent that they seek to vary the obligations imposed upon Pemco under the Federal Rules of Civil Procedure.

11.    Pemco objects to the Requests to the extent that they seek information that is not relevant to the claims in this action or reasonably calculated to lead to the discovery of admissible evidence.

12.    Pemco objects to the Requests to the extent that they seek information that is equally available to Plaintiff and the burden on Plaintiff to obtain the requested information is no greater than the burden on Pemco.

13.     Pemco objects to the Requests to the extent that they are vague, overly broad, oppressive, designed to harass Pemco, unduly burdensome and expensive and beyond the permissible scope of discovery under the Federal Rules of Civil Procedure.

14.     Pemco objects to the Requests to the extent they are not reasonably limited in time and/or call for information outside the timeframe of the applicable period of limitations.

15.     Pemco objects to the Requests to the extent they are not reasonably limited in geographic scope and/or calls for information outside the office in which Plaintiff was employed.

16.     Pemco reserves its rights to amend and/or supplement its responses and objections to the Requests consistent with further investigation and discovery.

## SPECIFIC OBJECTIONS AND RESPONSES TO INTERROGATORIES

1.     Identify the name, address and job title of any and all persons whom Pemco believes has personal knowledge of the facts and circumstances alleged in the Complaint, Answer and Affirmative Defenses.
**Response:**

See Pemco's Initial Disclosures.

2.     Identify the name, address and job title of any and all persons who participated, in any way, in any investigation, conducted by Pemco regarding plaintiff's complaints against the Pemco as set out in the complaint.
**Response:**

**Pemco objects to this request to the extent it seeks Privileged Information. Without waiving this objection, see Pemco's Initial Disclosures.**

3.     With regard to the layoff of Pemco's employees which occurred in 2005, identify the name, address, job title and employer of person(s) who:
    a.     participated in the general decision to conduct the layoffs;
    b.     participated in the decision as to the manner and number of employees involved in the layoffs;
    c.     participated in the decisions regarding Roger Wright's employment;
    d.     participated in the decisions regarding Henry Ward's employment.
**Response:**

**Ray Bennett and Dennis Johnson.**

4.     Identify the name, address, age, length of service, job title and date of termination for all persons laid off by Pemco in 2004 and 2005 who were not union members.
**Response:**

**Pursuant to Rule 33 of the Federal Rules of Civil Procedure, see the documents produced.**

5.     Identify the name, address, age, length of service, job title and date of demotion for all persons who were demoted by Pemco in 2004 and 2005 and who were not union members.
**Response:**

**This information will be provided.**

6.     Identify the name, address, age, length of service, job title and date of termination of all persons laid off by Pemco in 2004 and 2005 who were union members.
**Response:**

**Pemco objects to this request because it is overly broad and seeks information that is not reasonably calculated to lead to the discovery of admissible evidence. Without waiving this objection, see the documents produced.**

7.     Identify the name, address, age, length of service, job title and date of retirement for all persons who retired in:
   a.   2001
   b.   2002
   c.   2003
   d.   2004
   e.   2005
   f.   2006
   g.   2007
**Response:**

**Pemco objects to this request because it is overly broad, unduly burdensome, and seeks information that is not reasonably calculated to lead to the discovery of admissible evidence. Without waiving these objections, see the documents produced.**

8.     State the name, address, age, job title and date of hire for all non-union persons (including temps and leased employees) who were hired by Pemco in 2005 and 2006.
**Response:**

**Pemco objects to this request because it is overly broad, and seeks information that is not reasonably calculated to lead to the discovery of admissible evidence. Without waiving these objections, see the documents produced.**

9.    State the gross amount of retirement benefits paid by Pemco in each year for the years 2001 through 2006 and the amount projected for the years 2007 through 2012.

**Response:**

       **Pemco objects to this request because it is overly broad, unduly burdensome, and seeks information that is not reasonably calculated to lead to the discovery of admissible evidence. Without waiving these objections, see the documents produced.**

10.    Identify the name, address and job title of all persons who from 2001 to 2006 took Family Medical Leave or who were otherwise off of work for circumstances which would, to the knowledge of the Pemco, qualify for Family Medical Leave.

**Response:**

       **Pemco objects to this request because it is overly broad, unduly burdensome, and seeks information that is not reasonably calculated to lead to the discovery of admissible evidence. Without waiving these objections, see the documents produced.**

11.    Identify the name, address and age of persons who were employed in the following positions for the period of 2001 through 2006 and state the dates of employment in these positions:
       (a)    Director of Facilities;
       (b)    Manager of Facilities;
       (c)    Facilities Supervisor.

**Response:**

    -    **Henry Ward, Director of Facilities, 66 (at retirement), 2001-08/02/05**
    -    **Roger Wright, Manager of Facilities, 57, 2001-07/15/05**
    -    **Clarke Briody, Manager of Facilities and Plant Maintenance, 51, 07/11/05-2006**
    -    **Richard Miller, Facilities Supervisor, 60, 2001-7/15/05, 8/22/05-2006**

12.    With regard to plaintiff's demotion and termination, please:
       (a)    State all reasons for his demotion and termination;
       (b)    Identify all documents relied upon in the decision to demote and/or terminate his employment.

**Response:**

       **See the documents produced.**

13.    If anyone has performed any of Plaintiff's former job duties, please:
       (a)    Identify the person;
       (b)    State the person's job title;
       (c)    Identify the duties performed;
       (d)    State the beginning and ending dates which the person performed the duties.

**Response:**

       **Clarke Briody.**

    14.    Identify the name, address and qualifications of any expert who is expected to testify at the trial of this matter and for each such expert state the following:

    a)    The subject matter upon which the expert is expected to testify;
    b)    The substance of the opinions upon which the expert is expected to testify;
    c)    Identify each document upon which the expert has reviewed or relied upon in coming to these opinions;
    d)    Identify each document prepared by said expert relating to this case; and
    e)    Please attach his/her curriculum vitae or set out a description of the witness's qualifications.

**Response:**

       **Pemco objects to this request to the extent it seeks Privileged Information. Without waiving said objection, any such experts will be identified pursuant to the Federal Rules of Civil Procedure and/or any scheduling or pretrial orders of the Court.**

    15.    If there were any communications between Pemco's agents/ employees and Roger Wright concerning Mr. Wright's medical condition or any accommodation thereof, please:
    (a)    Identify each person who made or received the communications;
    (b)    Identify each person who witnessed the communications;
    (c)    Describe the date and substance of the communications; and
    (d)    Identify each document which refers to the communications.

**Response:**

       **See the documents produced and Pemco's Initial Disclosures.**

    16.    As of the day before Roger Wright's demotion, identify the following:
    a.    His regular rate of compensation;
    b.    each employment benefit to which he was entitled including without limitation a description of any and all vacation, sick leave, insurance and retirement benefits.

**Response:**

       **Up until his lay off, Plaintiff's salary was $51,480.00/year. He received benefits including health, dental, and life insurance, long and short term disability, 401(k), and pension. Plaintiff also used some or all of his accrued sick leave and vacation.**

    17.    As of the day before Roger Wright's termination, identify the following:
    c.    His regular rate of compensation;
    d.    each employment benefit to which he was entitled including without limitation a description of any and all vacation, sick leave, insurance and retirement benefits.

**Response:**

       **See the response to Interrogatory No. 16.**

    18.   If Pemco contends that any of the damages claimed by Roger Wright are unreasonable or were not caused by his demotion or termination, please:

        (a)   State the amount of claimed damages which Pemco disputes;

        (b)   State all facts upon which Pemco bases its contention;

        (c)   State the names, addresses, and telephone numbers of all persons who have knowledge of such facts; and

        (d)   Identify all documents that support Pemco's contention.

**Response:**

       **Pemco objects to this request to the extent it seeks Privileged Information. Pemco also objects to this request to the extent it seeks information that is unavailable to Pemco prior to completion of discovery. Pemco will timely supplement this response.**

    19.   If Pemco contends that there are facts which would support Pemco's decision to terminate Roger Wright's employment that were not discovered until after the date of the termination of Roger Wright's employment (e.g., after-acquired evidence), please:

        a.   State the specific facts;

        b.   State the name, address, and telephone number of each person who has knowledge of the specific facts;

        c.   Identify all documents which evidence these specific facts;

        d.   State whether Pemco have terminated the employment of any other person for engaging in this same type of conduct; and

        e.   State whether any other person has engaged in this same type of conduct and not had their employment terminated.

**Response:**

       **Pemco objects to this request to the extent it seeks information that is unavailable to Pemco prior to completion of discovery. Without waiving this objection, see the documents produced.**

    20.   If Pemco, its attorney(s), or anyone acting on behalf of the Pemco has interviewed and/or obtained any statement (oral, written, recorded, transcribed, etc.), from any person having or purporting to have knowledge or information pertaining to the subject matter of this lawsuit, Identify each such person, the content of each such interview or written statement, the person who conducted the interview, and the individual having possession of the statement.

**Response:**

       **Pemco objects to this request to the extent it seeks Privileged Information. Without waiving this objection, Pemco states that its attorneys have investigated Plaintiff's claims and there are no written statements.**

21.    State the name, address, job title and employer of any person (other than plaintiff) who complained of conduct by Dennis Johnson which, if true, would violate the discrimination policies of the Pemco.

**Response:**

**Pemco objects to this request because it is overly broad, and seeks information that is not reasonably calculated to lead to the discovery of admissible evidence. Without waiving said objection, Pemco is not aware of any such complaints.**

22.    State the name, address, job title and employer of any person (other than plaintiff) who complained of conduct by an HR Director which, if true, would violate the discrimination policies of the Pemco.

**Response:**

**Pemco objects to this request because it is overly broad, and seeks information that is not reasonably calculated to lead to the discovery of admissible evidence.**

23.    State the name and last-known address of each person who worked in the Human Resource Department from 2001 to present and their dates of employment and the reason for leaving or termination, if applicable.

**Response:**

**Pemco objects to this request because it is overly broad, and seeks information that is not reasonably calculated to lead to the discovery of admissible evidence.**

24.    Identify and describe in detail the factual basis for each affirmative defense which Pemco asserts in this civil action, and identify each document Pemco contends constitutes evidence of or provides support for each such affirmative defense.

**Response:**

**Pemco objects to this request to the extent it seeks Privileged Information. Without waiving said objection, any such information will be identified pursuant to the Federal Rules of Civil Procedure and/or any scheduling or pretrial orders of the Court.**

25.    State the name and age of each member of Pemco's non-union workforce for each of the following years:

        a.   2001
        b.   2002
        c.   2003
        d.   2004
        e.   2005
        f.   2006

<u>Response</u>:

        Pemco objects to this request because it is overly broad, unduly burdensome, and seeks information that is not reasonably calculated to lead to the discovery of admissible evidence.  Without waiving these objections, information for a discoverable time period will be provided.

STATE OF ALABAMA            )
                           )
COUNTY OF _____     )

     I, _____, being first duly sworn on oath, depose and say that I have read the foregoing response and that the response set forth herein, subject to inadvertent or undiscovered errors, are based on and, therefore, necessarily limited by the records, and information still in existence, presently recollected and thus far discovered in the course of the preparation of these response, that I reserve the right to make any changes in the response if it appears at anytime that omissions or errors have been made therein or that more accurate information is available, and that subject to the limitations set forth herein, the response is true to the best of my knowledge, information and belief.

_____

     Sworn to and subscribed before me on this _____ day of _____, 2007.

_____
Notary Public
My Commission Expires:_____

AS TO THE OBJECTIONS:

_____
Jeffrey A. Lee
John B. Holmes, III
Attorneys for Pemco World Air Services, Inc.

OF COUNSEL:

MAYNARD, COOPER & GALE, P.C.
2400 AmSouth/Harbert Plaza
Birmingham, Alabama  35203-2618
Telephone:    205.254.1000
Facsimile:    205.254.1999
Email:        jlee@maynardcooper.com
              jholmes@maynardcooper.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing pleading has been served upon all counsel of record by deposit thereof in the United States mail postage prepaid and properly addressed as follows:

Elizabeth B. Glasgow, Esq.
Harry Hall, Esq.
Farmer, Price, Hornsby & Weatherford, L.L.P.
Post Office Drawer 2228
Dothan, AL  36302

Dated this _16th_ day of February, 2007.

_____
OF COUNSEL

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| Roger Wright, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.: 1:06-CV- 647-WKW |
| | ) | |
| Pemco World Air Services, Inc. | ) | |
| Pemco. | ) | |

**PEMCO'S OBJECTIONS AND RESPONSES
TO PLAINTIFF'S FIRST REQUEST FOR
PRODUCTION OF DOCUMENTS**

COMES NOW Defendant Pemco World Air Services, Inc. ("Pemco") and for its responses to Plaintiff's First Request for Production of Documents states the following:

**GENERAL OBJECTIONS**

All of the General Objections set forth herein are incorporated in each of the specific responses to the Requests set forth below and have the same force and effect as if fully set forth therein.

1.    Pemco objects to the Requests to the extent that they seek information protected against disclosure by the attorney-client privilege, the work-product doctrine, the self-critical analysis privilege, or other applicable privileges and protections ("Privileged Information"). Any undertaking to provide information should be understood to exclude any Privileged Information.

2.    Pemco objects to the Requests to the extent that they seek trade secret, proprietary, confidential, nonpublic, or commercial information of Pemco ("Confidential Information"). To the extent that Pemco discloses Confidential Information, it will do so only

1

after an appropriate confidentiality agreement has been entered into by all parties or, if necessary, pursuant to a protective order issued by this Court.

3.    Pemco objects to the Requests to the extent that they seek information that Pemco is required to maintain in confidence pursuant to an agreement or understanding with any third party or that otherwise is protected under contractual, constitutional, statutory, and/or common law rights of confidentiality and privacy. Specifically, in this regard, Pemco objects to the Requests to the extent that they seek information containing confidential, private, or personal information relating to former and/or present Pemco employees who are not parties to this action.

4.    Pemco objects to the Requests to the extent that they seek information that is not relevant to the claims set forth in the Complaint or seek information that relates to former and/or present Pemco employees who are not parties to this action, on the grounds that they seek information that is not relevant to any genuine issue presented by plaintiff's claims nor reasonably calculated to lead to the discovery of admissible evidence.

5.    In making these objections, Pemco does not in any way waive or intend to waive, but rather intends to preserve and is preserving:

All rights to object on any ground to the use of any information that may be provided in response to the Requests, or the subject matter thereof, in any subsequent proceedings, including the trial of this or any other matter.

All rights to object on any ground to any request for further responses to the Requests or any subsequent requests.

Pemco's failure to object to any individual request on a particular ground or grounds shall not be construed as a waiver of its rights to object on any additional ground(s).

2

Pemco objects to the Requests to the extent that they contain undefined, ambiguous, or ambiguously defined terms.

6.      Pemco's objections to the Requests are made without waiver of, or prejudice to, any additional objections Pemco may make.

7.      All such objections are hereby expressly preserved as is the right to move for a protective order.

8.      Pemco reserves all objections as to the admissibility at trial of any information provided. The supplying of any information does not constitute an admission by Pemco that such information is relevant in this lawsuit. All information provided by Pemco is for use in this litigation only and for no other purpose.

9.      Pemco objects to the Requests to the extent that the information called for, if any, was obtained and prepared in anticipation of litigation or for trial and Plaintiff has made no showing that he has substantial need for the materials in the preparation of his case and that he is unable, without undue hardship, to obtain the substantial equivalent of the materials by other means.

10.     Pemco objects to the Requests to the extent that they seek to vary the obligations imposed upon Pemco under the Federal Rules of Civil Procedure.

11.     Pemco objects to the Requests to the extent that they seek information that is not relevant to the claims in this action or reasonably calculated to lead to the discovery of admissible evidence.

12.     Pemco objects to the Requests to the extent that they seek information that is equally available to Plaintiff and the burden on Plaintiff to obtain the requested information is no greater than the burden on Pemco.

13.    Pemco objects to the Requests to the extent that they are vague, overly broad, oppressive, designed to harass Pemco, unduly burdensome and expensive and beyond the permissible scope of discovery under the Federal Rules of Civil Procedure.

14.    Pemco objects to the Requests to the extent they are not reasonably limited in time and/or call for information outside the timeframe of the applicable period of limitations.

15.    Pemco objects to the Requests to the extent they are not reasonably limited in geographic scope and/or calls for information outside the office in which Plaintiff was employed.

16.    Pemco reserves its rights to amend and/or supplement its responses and objections to the Requests consistent with further investigation and discovery.

**SPECIFIC OBJECTIONS AND RESPONSES TO<br>DOCUMENTS TO BE PRODUCED**

1.    All documents referred to in your Answers to Interrogatories or which you reviewed in order to provide information revealed therein.
**Response:**

   **Pemco objects to this request to the extent it seeks Privileged Information. Without waiving this objection, non-privileged, responsive documents are produced herewith.**

2.    All documents reviewed or relied upon by the person(s) who made the general decision to conduct layoffs of Pemco's employees in 2005.
**Response:**

   **Responsive documents are produced herewith.**

3.    All documents reviewed or relied upon by the person(s) who made the decision regarding the manner and number of employees who were laid off in 2005.
**Response:**

   **Responsive documents are produced herewith.**
4.    All documents reviewed or relied upon by person(s) making employment decisions concerning Henry Ward, Roger Wright and Clark Briody in 2004-2005.
**Response:**

   **Responsive documents are produced herewith.  Additional responsive documents, if any, will be produced.**

5.    The minutes of all meetings of the Board of Directors for the Pemco from 2001 to the present.
**Response:**

**Pemco objects to this request to the extent that it seeks records that do not pertain to Pemco World Air Services and/or goes beyond a relevant time period. Without waiving said objections, responsive documents are produced herewith.**

6.    All documents pertaining to the execution of the layoffs which occurred in 2005.
**Response:**

**Pemco objects to this request to the extent it seeks Privileged Information. Without waiving this objection, non-privileged, responsive documents are produced herewith.**

7.    All WARN Act or OWPA notices issued to employees in 2004 or 2005.
**Response:**

**Upon information and belief, no such notices were issued.**

8.    Any and all documents which support, evidence, relate or otherwise pertain to any and all personnel policies of Pemco in effect from 2003 to 2006, including without limitation:
      (a)    Employee discipline policies;
      (b)    Harassment and discrimination policies;
      (c)    Internal complaint or grievance procedures;
      (d)    Equal Employment Opportunity (EEO) policies;
      (e)    Employee handbooks.
**Response:**

**Responsive documents are produced herewith.**

9.    Any and all documents relating to or evidencing investigation by Pemco, into Plaintiff's complaints, including without limitation:
      (a)    Written statements of witnesses;
      (b)    Notes of interviews with witnesses;
      (c)    Tape recordings of any and all oral statements and/or interviews of witnesses;
      (d)    Transcriptions of any tape recordings of any and all oral statements and/or interviews of witnesses;
      (e)    Reports regarding the results of any and all investigations;
      (f)    Communications concerning the plaintiff and/or Dennis Johnson and/or concerning the plaintiff's complaint;
      (g)    All documents provided to the EEOC pertaining to plaintiff's charge of discrimination.
**Response:**

**Pemco objects to this request because it seeks Privileged Information and is not reasonably calculated to lead to the discovery of admissible evidence. Without waiving these objections, non-privileged, responsive documents are produced herewith.**

10.    Any and all documents which support, evidence, relate to, or otherwise reflect any action taken by Pemco in response to Plaintiff's complaint of discrimination and retaliation.

<u>Response</u>:

**Pemco objects to this request because it seeks Privileged Information. Without waiving this objection, non-privileged, responsive documents are produced herewith.**

11.    All documents referring to or relating to Plaintiff including without limitation:

    (a)    His complete personnel file and any documents which were once contained in the personnel file but which may have now been removed;

    (b)    All records concerning his employment status, job duties, job descriptions, pay, performance evaluations;

    (c)    His complete medical file and any documents concerning any medical information, medical leave, and light duty;

    (d)    All other records concerning any aspect of employment such as retirement records, payroll records, benefit records; insurance records, etc.;

    (e)    All documents concerning allegations made in Plaintiff's complaint;

    (f)    All recorded or transcribed statements of the plaintiff or notes taken during conversations with the plaintiff and/or any surveillance of the plaintiff;

    (g)    All documents reflecting communications with the plaintiff or about the plaintiff.

<u>Response</u>:

**Pemco objects to this request because it is overly broad, unduly burdensome, and is not reasonably calculated to lead to the discovery of admissible evidence. Pemco further objects to this request because it seeks Privileged Information. Without waiving these objections, non-privileged, responsive documents are produced herewith.**

12.    All documents which relate to the employment of the following current or former employees. Such documents should include, without limitation, the complete personnel file of each employee, their medical file and any documents, records, memoranda, notes, or computer printouts which were part of these files at any time and any documents not included in these files which support, evidence, relate or otherwise pertain to the employee's employment with Pemco.

- Ray Bennett;
- Dennis Johnson;
- Roger Wright;
- Henry Ward;
- Clarke Briody;
- Any other employee who since 2005 had duties of Facilities Manager and/or Director of Facilities;

**Response:**

**Pemco objects to this request because it is overly broad, unduly burdensome, and is not reasonably calculated to lead to the discovery of admissible evidence. Pemco further objects to producing confidential information absent Plaintiff's agreement to maintain confidentiality. Pemco also objects to this request to the extent it seeks Privileged Information. Without waiving these objections, non-privileged, responsive documents are produced herewith.**

13.    Job descriptions from 2003 to present for the:
- Director of Facilities;
- Manager of Facilities;
- Facilities Supervisor;
- Vice President of Operations.

**Response:**

**Responsive documents are produced herewith.**

14.    All documents submitted to and/or received from the U.S. Equal Employment Opportunity Commission which concern or relate in any way to charges of age discrimination filed against Pemco.

**Response:**

**Responsive documents are produced herewith.**

15.    All documents regarding the compensation and benefits paid to Plaintiff during his employment with Pemco, including but not limited to, salary, bonuses, and commissions, a description of plan benefits and/or plan handbooks, or pamphlets for profit-sharing plans, medical and dental insurance, retirement benefits, and life insurance, or any other form of insurance or benefits.

**Response:**

**Responsive documents are produced herewith. Additional responsive documents will also be produced.**

16.    All documents reflecting the compensation and benefits paid to the Director of Facilities, the Manager of Facilities, the Facilities Supervisor and the Vice President of Operations for the period of 2005 to the present including without limitation salary, bonuses, commissions, and all benefits.

**Response:**

**Pemco objects to this request because it is overly broad, unduly burdensome, and is not reasonably calculated to lead to the discovery of admissible evidence. Pemco further objects to producing confidential information absent Plaintiff's agreement to maintain confidentiality. Pemco also objects to this request to the extent it seeks Privileged**

7

**Information. Without waiving these objections, non-privileged, responsive documents are produced herewith.**

17. All depositions given by employees of Pemco in other lawsuits alleging age discrimination from 2001 to the present.

**Response:**

**Pemco objects to this request because it is overly broad and seeks information that is not reasonably calculated to lead to the discovery of admissible evidence. Without waiving these objections, and upon information and belief, there are none.**

18. All documents which relate or pertain to the factual basis concerning any allegation in the complaint or any defense to be asserted by Pemco.

**Response:**

**Pemco objects to this request to the extent it is untimely as discovery is not yet complete. Otherwise, any responsive records will be produced pursuant to the Federal Rules of Civil Procedure and/or any scheduling or pretrial orders of the Court. Also, without waiving these objections, responsive documents are produced herewith.**

19. All advertisements for recruitment and hiring by Pemco in 2005 and 2006 including print, web postings or other media advertisements or notices.

**Response:**

**Responsive documents are produced herewith.**

20. Documents showing Pemco liability for retirement benefits to be paid in 2001, 2002, 2003, 2004, 2005 and 2006.

**Response:**

**Pemco objects to this request because it is overly broad and seeks information that is not reasonably calculated to lead to the discovery of admissible evidence. Without waiving these objections, the responsive document is produced herewith.**

21. All documents or records kept as part of an FMLA log or record of persons taking FMLA leave for the years 2001 to 2006.

**Response:**

**Pemco objects to this request because it is overly broad and seeks information that is not reasonably calculated to lead to the discovery of admissible evidence. Without waiving these objections, the responsive document is produced herewith.**

22. All year end financial statements for the Pemco for the years 2001 to the present.

8

**Response:**

Pemco objects to this request because it is overly broad and seeks information that is not reasonably calculated to lead to the discovery of admissible evidence. Without waiving these objections, responsive documents are produced herewith.

23.    All reports, draft reports, and documents used or consulted in the preparation of such reports by any witness (lay person or expert) whom you may call to testify at trial.

**Response:**

Pemco objects to this request because it seeks Privileged Information. Without waiving said objection, any such documents will be produced pursuant to the Federal Rules of Civil Procedure and/or any scheduling or pretrial orders of the Court.

24.    All resumes or curriculum vitae of any witness (lay person or expert) whom you may call to testify at trial.

**Response:**

Pemco objects to this request because it seeks Privileged Information. Without waiving said objection, any such documents will be produced pursuant to the Federal Rules of Civil Procedure and/or any scheduling or pretrial orders of the Court.

25.    All evidence including demonstrative evidence which you intend to use at trial for any purpose including without limitation for impeachment or to refresh recollection.

**Response:**

Pemco objects to this request because it seeks Privileged Information. Without waiving said objection, any such documents will be produced pursuant to the Federal Rules of Civil Procedure and/or any scheduling or pretrial orders of the Court.

26.    All FMLA notices or documents sent to or provided to Roger Wright.

**Response:**

Upon information and belief Pemco maintains a FMLA policy and notifies its employees through its postings and policies. A copy of the policy is produced herewith.

27.    All press releases issued in 2004-2007 by Pemco or its affiliates concerning or containing information concerning Pemco World Air Services, Inc.

**Response:**

Responsive documents are produced herewith.

28.    Annual Reports for Pemco 2001-2007.

**Response:**

Pemco objects to this request because it is overly broad and seeks information that is not reasonably calculated to lead to the discovery of admissible evidence. Without waiving these objections, Pemco does not generate or maintain an independent Annual Report. Reports for Pemco Aviation Group are public record and equally available to Plaintiff. Some responsive documents are produced herewith.

29.    Pemco's state and federal tax returns for 2001-2007.
**Response:**

Pemco objects to this request because it is overly broad and seeks information that is not reasonably calculated to lead to the discovery of admissible evidence.


_____

Jeffrey A. Lee
John B. Holmes, III
Attorneys for Pemco World Air Services, Inc.



OF COUNSEL:

MAYNARD, COOPER & GALE, P.C.
2400 AmSouth/Harbert Plaza
Birmingham, Alabama 35203-2618
Telephone:    205.254.1000
Facsimile:    205.254.1999
Email:    jlee@maynardcooper.com
          jholmes@maynardcooper.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing pleading has been served upon all counsel of record by deposit thereof in the United States mail postage prepaid and properly addressed as follows:

Elizabeth B. Glasgow, Esq.
Harry Hall, Esq.
Farmer, Price, Hornsby & Weatherford, L.L.P.
Post Office Drawer 2228
Dothan, AL 36302

Dated this _20th_ day of February, 2007.

_____
OF COUNSEL

FARMER, PRICE, HORNSBY & WEATHERFORD, L.L.P.

ATTORNEYS AT LAW

100 ADRIS PLACE

DOTHAN, ALABAMA 36303

EDWARD M. PRICE, JR. *
ERNEST H. HORNSBY
JOEL W. WEATHERFORD
ELIZABETH B. GLASGOW *†
HARRY P. HALL, II †
RUSSELL N. PARRISH *

*ALSO ADMITTED IN FLORIDA
†ALSO ADMITTED IN GEORGIA

MAILING ADDRESS
P.O. DRAWER 2228
DOTHAN, ALABAMA 36302

PHONE (334) 793-2424
FAX (334) 793-6624

J. HUBERT FARMER (1896-1976)
JAMES H. FARMER, JR. (1930-1999)

June 7, 2007

John Holmes, Esq.
Maynard, Cooper & Gale, P.C.
1901 Sixth Avenue North, Suite 2400
Birmingham, AL 35203

Re:     Wright vs. Pemco World Air Services, Inc.

Dear John:

In reviewing this file, it appears that we have some unresolved document production issues. Let me set those out in this letter so that we can get these resolved.

1.    One of the first discovery hurdles we have to clear concerns your objections based on privileged materials. You have objected to producing documents on a number of grounds, but I have not received any type of privilege log as would be required under Rule 26 (5). Therefore, for each document or which you claim is privileged or subject to protection as trial preparation material, I am requesting that you set out the information as required under the Rule and hopefully this will resolve a number of issues.

2.    Pertaining to the Initial Disclosures, Rule 26 (D) requires the parties to provide for inspection and copying any applicable insurance agreement. I would appreciate it if you could send that to me. We had discussed sending the insurance correspondence regarding coverage and reservation of rights. As far as I am aware, it is not admissible into evidence. In your letter of December 22, 2006, you had indicated that you wanted a confidentiality agreement on that and if you will write that up, I will take a look at it.

3.    With regard to your Answers to Interrogatories, your letter of February 26, 2007 indicates that you were sending me unverified objections and responses. To my knowledge, I have never received the verified responses and would appreciate it if you could get that to me.



EXHIBIT

B

FARMER, PRICE, HORNSBY & WEATHERFORD, L.L.P.

Page 2
John Holmes, Esq.
June 7, 2007

4.    Turning now to Defendant's Answers to Interrogatories, again, your general objections are insufficient without a privilege log.  Further, with regard to Interrogatory #2, your response is insufficient.  You were asked to identify the name, address and job title of any person who participated in an investigation of Plaintiff's complaints.  Such information is not covered by any privilege, nor do the Initial Disclosures provide any answer to this question.  Please take another stab at providing this information.

5.    With regard to Interrogatory #4, you generally refer to the "documents produced" without specifying the specific bates page number which would respond to Interrogatory #4.  You have produced over fifty pages of lists and charts without labeling them to correspond to the interrogatory request as required under Rule 34 (b)(ii).  Please take care of that.

6.    With regard to Interrogatory #5, you indicated that the information will be provided, but we have not yet received anything on this request.

7.    With regard to Interrogatory #6, the request is specifically limited and is relevant to the age discrimination claim and therefore I request that you fully answer #6.  Also, you indicate that some documents are produced in response to this request, but again, I would appreciate it if you could identify the specific bates page which corresponds to your answer to this interrogatory.

8.    With regard to Interrogatory #7, your response is the same as Interrogatory #6 and therefore again, I would request a full response and also for you to identify the documents that are responsive to this interrogatory.

9.    With regard to Interrogatory #8, this is the same issue as #6 and #7.

10.    With regard to Interrogatory #9 and #10, again, this information is not overly broad and I would request a full response to the interrogatories and that you also identify the documents which are responsive to these questions.

11.    With regard to Interrogatory #12, please identify the specific documents that are responsive to this interrogatory.

12.    With regard to Interrogatory #18, please provide the information that is responsive to this interrogatory if it is in your possession at this time.  I understand that your response may have to be supplemented as discovery progresses.

FARMER, PRICE, HORNSBY & WEATHERFORD, L.L.P.

Page 3
John Holmes, Esq.
June 7, 2007

13.    With regard to Interrogatory #19, please identify the specific documents that are responsive to this interrogatory and also please describe any evidence which you have at this time which is responsive to this interrogatory. Again, I understand that this may be supplemented as discovery progresses.

14.    With regard to Interrogatory #22, this request is not overly broad and therefore should be answered.

15.    With regard to Interrogatory #23, this request is not overly broad and therefore should be answered.

16.    With regard to Interrogatory #25, this information is highly relevant to Plaintiff's age discrimination claim and we are only asking for information for six years. This is certainly a reasonable time period for discovery.

17.    With regard to your response to our Request to Produce Documents, again, please identify the bates page numbers which correspond with the specific request. Also, again, to the extent that you claim privilege, please produce the privileged log.

18.    With regard to Document Request #11, the records which you have produced concerning the Plaintiff appear to be inadequate. Although there are statements of earnings of other employees, Roger Wright's statement of earnings is not included nor is there any information supplied regarding his retirement pension records, payroll records, benefit records, insurance records, etc. We are aware of time sheets which Roger kept on the job and also payments of overtime. Therefore, we are asking again to search your records and produce all documents, including electronic data and email, which are responsive to this document request.

19.    With regard to Document Request #12, we have not received the personnel files of Ray Bennett, Dennis Johnson, or Henry Ward. We have received some records with respect to Clark Briody, but again, because you have not identified the specific bates numbers which pertain to this document request, it is not clear from what you have produced as to whether this Request #12 has been fully answered. With regard to any confidential information, if you will please identify it in your log, we can possibly come to an agreement regarding disclosure or, under the rules, you may seek a protective order for it.

20.    With regard to Document Request #13, your response indicates that you have provided us with copies of these job descriptions. To my knowledge, we have not received it.

FARMER, PRICE, HORNSBY & WEATHERFORD, L.L.P.

Page 4
John Holmes, Esq.
June 7, 2007

21.    With regard to Document Request #15, you indicate that additional documents will be produced. Your response so far has been limited as there has not been anything produced with regard to the Plaintiff's salary, bonuses, plan benefits, pension and other benefits. I know they have these things, so please get these to me.

22.    With regard to Document Request #16, this information has not been produced to my knowledge. It is highly relevant considering your defense in this case and therefore, this information needs to be produced.

23.    With regard to Document Request #20 and #22, again, this is highly relevant information and should be produced.

John, take a look at this list and give me your thoughts. Best wishes.

Sincerely,

Elizabeth B. Glasgow

EBG/amh



MAYNARD COOPER
& GALE PC
ATTORNEYS AT LAW

**John B. Holmes, III**
DIRECT 205.254.1107
EMAIL jholmes@maynardcooper.com



EXHIBIT
C

February 26, 2007

Elizabeth B. Glasgow, Esq.
Farmer, Price, Hornsby & Weatherford, L.L.P.
Post Office Drawer 2228
Dothan, Alabama 36302

Re:   *Roger Wright v. Pemco World Air Services, Inc.*
      **United States District Court for the Middle District of Alabama,**
      **Southern Division**
      **Case No. 1:06CV647-WKW**

Dear Libby:

Enclosed please find Defendant's *unverified* Objections and Responses to Plaintiff's First Interrogatories, and Objections and Responses to Plaintiff's First Request for Production of Documents, together with documents bates labeled "Pemco/Wright 00015" through "Pemco/Wright 000320." We will forward verified responses once they have been received.

Sincerely,

John B. Holmes, III

JBH/pmj
Enclosures

cc:   Jeffrey A. Lee, Esq. *(w/o Encl.)*

RECEIVED
FEB 2 8 2007
BY:_____

1901 SIXTH AVENUE NORTH   2400 AMSOUTH/HARBERT PLAZA   BIRMINGHAM, ALABAMA 35203-2618   205.254.1000   FAX 205.254.1999

WWW.MAYNARDCOOPER.COM

## Libby Glasgow

**From:**    "John Holmes" <jholmes@maynardcooper.com>
**To:**    "Libby Glasgow" <eglasgow@fphw-law.com>
**Sent:**    Friday, July 06, 2007 8:27 AM
**Subject:**    Re:

I have been out of the office this week but am back today.  I am hopeful to avoid involving the court.  I should be able to respond by Roger's deposition.

John B. Holmes, III
Maynard, Cooper & Gale, P.C.
1901 Sixth Avenue North
Suite 2400 AmSouth/Harbert Plaza
Birmingham, Alabama 35203-2618
Direct Tel.: (205) 254-1107
Direct Fax: (205) 714-6407
jholmes@maynardcooper.com


>>> "Libby Glasgow" <eglasgow@fphw-law.com> 07/04/07 9:33 AM >>>
Hey John:
We are running out of time on the documents which you owe me and I have not gotten any formal response from you as to my last letter.  I will have to file the Motion to Compel next week.  Any chance of avoiding that?

Libby Glasgow
Farmer, Price, Hornsby & Weatherford, L.L.P.
100 Adris Place
Dothan Alabama 36303
Phone:(334)793-2424
Fax (334)793-6624
eglasgow@fphw-law.com


Confidentiality Notice - The information contained in this e-mail
and any attachments to it may be legally privileged and include
confidential information.  If you are not the intended recipient,
be aware that any disclosure, distribution or copying of this e-mail
or its attachments is prohibited.  If you have received this e-mail in
error, please notify the sender immediately of that fact by return
e-mail and permanently delete the e-mail and any attachments to it.
Thank you.

IRS Circular 230 Disclosure - To ensure compliance with requirements
imposed by the IRS, we inform you that any U.S. federal tax advice
contained in this communication (including any attachments) is not
intended or written to be used, and cannot be used, for the purpose
of (i) avoiding penalties under the Internal Revenue Code or
(ii) promoting, marketing or recommending to another party any
transaction or matter addressed herein.



7/13/2007