UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **Roger Wright,** | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
| v. | )   **Civil Action No.: 1:06-CV- 647-WKW** |
| | ) |
| **Pemco World Air Services, Inc.** | ) |
| | ) |
|     **Pemco.** | ) |

**MOTION FOR CONSENT PROTECTIVE ORDER**

Defendant, by and through its undersigned attorneys, hereby moves the Court to approve the attached Consent Protective Order which has been agreed upon by the parties. This Motion seeks to protect the parties' interests in the confidentiality of certain proprietary, medical and sensitive documents as set forth in the parties' Consent Protective Order ("Consent Protective Order"), which is attached to Defendant's Motion as Exhibit A. The parties have agreed to the terms of the Consent Protective Order in order to maintain the confidentiality of information produced or obtained in this action and respectfully request the Court to approve and enter the Order.

                                                                   Respectfully submitted,

                                                                   *s/ John B. Holmes, III*
                                                                   Jeffrey A. Lee
                                                                   John B. Holmes, III
                                                                   Attorneys for Defendant

OF COUNSEL:

MAYNARD, COOPER & GALE, P.C.
1901 6th Avenue North, Suite 2400
Birmingham, Alabama 35203
Telephone: 205.254.1000
Facsimile: 205.254.1999

## CERTIFICATE OF SERVICE

  I hereby certify that on September 11, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Elizabeth B. Glasgow
Farmer, Price, Hornsby & Weatherford, L.L.P.
100 Adris Place (36303)
Post Office Drawer 2228
Dothan, Alabama 36302

        *s/ John B. Holmes, III*
        OF COUNSEL

# EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| Roger Wright, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No.: 1:06-CV- 647-WKW |
| | ) |
| Pemco World Air Services, Inc. | ) |
| | ) |
| Pemco. | ) |

### CONSENT PROTECTIVE ORDER

To facilitate discovery in this lawsuit, to protect the parties interests in the confidentiality of certain proprietary, medical and sensitive documents, to protect the parties' interest in the confidentiality of personally sensitive matters contained in certain documents, and to eliminate the need for repeated requests that the Court become directly involved in the discovery process, the parties, pursuant to Rule 26 of the Federal Rules of Civil Procedure, hereby stipulate and agree that documents and information produced by the parties or obtained by subpoena in this action shall be subject to the terms and conditions of this Consent Protective Order ("Order"):

    1.    This Order shall govern all documents produced by Plaintiff and Defendant or obtained by Plaintiff or Defendant pursuant to a subpoena in this

1

action. Furthermore, this Order shall govern all information derived from such documents and copies, excerpts or summaries thereof.

    2.    The following documents shall be designated as confidential:

        (a)    any document from the personnel, employment, medical or payroll file of any Defendant or any employee or former employee of Defendant, or any document containing private or personally sensitive information pertaining to individual Defendant, individual employees or former employees of Defendant;

        (b)    any document which reflects Defendant's proprietary information not ordinarily disseminated to Defendant's employees or persons not employed by Defendant, or which an employee of Defendant would reasonably consider to be confidential; and

        (c)    Defendant's submissions to the EEOC.

    3.    Documents and information designated confidential in accordance with this Order shall be used solely for the purpose of this action or appeal, and unless the Court rules otherwise, such documents or information shall not be disclosed to any person other than

        (a)    the parties to this action;

2

  (b) counsel of record to any party to this Order;

  (c) the clerical, paralegal staff, or other support staff of such counsel to this action employed during the preparation for and trial of this action;

  (d) persons retained by any party to this Order to furnish expert services or advice or to give expert testimony in this action (and their employees);

  (e) deponents and court reporters in this action; and

  (f) the Court and Court personnel;.

Confidential documents or information disclosed to any such person shall not be disclosed by him or her to any other person not within the foregoing subparagraphs (a) through (f) of this paragraph. No such documents or information designated as confidential pursuant to this Order shall be used by any such person for any purpose other than for the preparation, trial, appeal and/or settlement of this action.

  4. Prior to making such disclosure of any confidential documents or information pursuant to paragraph 3, counsel for the parties in this action shall inform any person to whom disclosure is being made that the information or documents, or any portions thereof, may only be used for the purpose set forth in this Protective Order. Additionally, each person to whom disclosure of confidential documents and information is permitted shall be shown a copy of this

Order and shall be specifically advised by counsel that this Order applies to, and is binding upon such individual.

5. If a question arising at a pretrial deposition called or calls for an answer containing information designated as confidential, or if the question contained or contains information designated as Confidential either at the deposition itself or within 30 days after receipt of the transcript thereof, counsel with an interest in protecting such information has notified or shall notify all counsel of record that the information provided in such answer or question was and/or is considered designated confidential and has or shall designate such specific portions of the transcript of such deposition which is or shall thereafter be subject to the provisions of this Order.

6. If a party objects to the designation of any documents or information designated as confidential, counsel for the objecting party shall notify all counsel of record of the objection. If disputes regarding the objection cannot be resolved by agreement, counsel may move this Court for an Order denying confidential treatment to the documents or information in question. If such a motion is filed, the document or information shall be kept confidential pending ruling on the motion. The party asserting confidentiality has the burden to prove that the document deserves such treatment. If the Court determines that a party designating a produced document as confidential made the designation without a good faith

4

basis, the Court in its discretion may order sanctions against the party making the designation.

7. Within 30 days after final termination of this action, including any appeals, and upon written request of the producing party, all documents or information or extracts thereof and non-privileged notes made therefrom, shall be destroyed or returned to counsel for the party who produced the documents.

8. Nothing in this Order shall prevent a party from any use of its, his or her own confidential documents.

9. The inadvertent or unintentional disclosure of any confidential information, shall not be construed to be a waiver, in whole or in part, of Plaintiff's or any Defendant's claims of confidentiality, either as to the specific confidential information disclosed or as to other related information.

10. The terms of this Order are subject to modification, extension or limitation as may be hereinafter agreed to by all parties, or by order of the Court.

**IT IS SO ORDERED.**

_____
United States District Court Judge
Middle District of Alabama

5

**AGREED AND ACCEPTED:**

Attorney for Plaintiff:

*/s/ E. Glasgow*

Elizabeth B. Glasgow, Esq.
Harry Hall, Esq.
Farmer, Price, Hornsby &
  Weatherford, L.L.P.
Post Office Drawer 2228
Dothan, AL  36302
Telephone:  (334) 793-2424
Facsimile:   (334) 793-6624

Attorney for Defendant:

*/s/ John B. Hale*

Jeffrey A. Lee
John B. Holmes, III
Attorneys for Defendant
MAYNARD, COOPER & GALE, P.C.
1901 6th Avenue North, Suite 2400
Birmingham, Alabama 35203
Telephone:  205.254.1000
Facsimile:   205.254.1999