**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **Roger Wright,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No.: 1:06-CV- 647-WKW** |
| | ) | |
| **Pemco World Air Services, Inc.** | ) | |
| | ) | |
| **Defendant.** | ) | |

**DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

COMES NOW Defendant Pemco World Air Services, Inc. ("Pemco" or "Defendant"), pursuant to Rule 56 of the Federal Rules of Civil Procedure, and respectfully requests that this Honorable Court enter a complete summary judgment in favor of Pemco.  As grounds for this motion, Pemco states that there are no genuine issues of material fact as to any of Plaintiff Roger Wright's ("Plaintiff") claims and Pemco is entitled to summary judgment as a matter of law.  In support of its motion, Pemco shows the Court the following:

1.      This case arises from Plaintiff's inclusion in a reduction in force in July 2005.  In 2005, Pemco was faced with a rapid decline in the number of aircraft coming into the facility, largely due to the uncertainty surrounding labor contract negotiations over an expiring collective bargaining agreement.  As a result of the reduced work load, during the Spring and Summer of 2005, Pemco had to realign some of its departments and conduct a series of reductions in force.  Those reductions affected not only bargaining unit employees, but eventually included many indirect employees, or employees who do not work directly on the aircraft.  Plaintiff was one of more than 25 indirect employees who were reduced or laid off between May 20, 2005 and August 9, 2005.  Plaintiff had been on paid medical leave beginning in June 2005.

2.      Plaintiff now sues Pemco asserting violations of the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601 *et seq.* ("FMLA"), Alabama common law, the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 *et seq.* ("ADEA"), the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 *et seq.* ("ADA"), and the Employee Retirement Income Security Act, 29 U.S.C. § 1001 *et seq.* ("ERISA").[1]  Plaintiff specifically alleges Pemco acted in an intentionally outrageous, unlawful manner by willfully demoting him and then terminating his employment while he was on medical leave and replacing him with a substantially younger individual, ultimately denying him retirement benefits to which he would otherwise be entitled.  All claims fail for numerous reasons and Pemco is entitled to summary judgment as a matter of law.

3.      For the reasons set forth in Pemco's summary judgment brief, which is filed simultaneously herewith, Pemco is entitled to summary judgment as a matter of law with regard to Plaintiff's FMLA claim(s) because Plaintiff would have been laid off in July 2005 irrespective of any FMLA qualifying leave.  Similarly, Plaintiff cannot establish a *prima facie* case of FMLA retaliation or rebut Pemco's legitimate, nonretaliatory reasons for terminating his employment.

4.      Pemco is entitled to summary judgment with regard to Plaintiff's outrage claim because Plaintiff fails to allege facts that rise to the level of actionable outrage under Alabama law.  *Hardesty v. CPRM Corp.*, 391 F. Supp. 2d 1067, 1073-74 (M.D. Ala. 2005).

5.      Pemco is entitled to summary judgment with regard to Plaintiff's age discrimination claim because Plaintiff cannot establish a *prima facie* case of age discrimination.  Moreover, Plaintiff cannot rebut Pemco's legitimate, nondiscriminatory reasons for including

---

[1] In an email dated September 17, 2007, counsel for Plaintiff expressly agreed that Plaintiff's perceived disability claim under the ADA is due to be dismissed.  As a result, Pemco will not address Count IV in this motion or supporting brief.

him in the layoffs and establish by significantly probative evidence that the reason was a pretext for age discrimination.

6.     Pemco is entitled to summary judgment with regard to Plaintiff's ERISA claim because he has provided no evidence whatsoever that his inclusion in the July 2005 layoffs was for the purpose of interfering with his ERISA rights.  As a result, Plaintiff cannot establish a *prima facie* case of a § 510 violation.  *Clark v. Coats & Clark, Inc.*, 990 F.2d 1217, 1223-24 (11th Cir. 1993).

7.     No genuine issue of material fact exists and Pemco is entitled to summary judgment as a matter of law.

8.     In support of its motion for summary judgment, Pemco relies on the pleadings filed to date.  Pemco further relies on relevant excerpts from Plaintiff's deposition (a complete copy of which is attached to Pemco's Evidentiary Submission as Exhibit 1).  Furthermore, Pemco relies on the Declaration of Francis X. Henry (which is attached to Pemco's Evidentiary Submission as Exhibit 2, with exhibit).  Pemco also relies on the Declaration of Dennis Johnson (which is attached to Pemco's Evidentiary Submission as Exhibit 3, with exhibit).  Pemco also relies of the Depositions of Dennis Johnson, Clarke Briody, Jackie Tindle, Richard Miller, and Ted Ball (which are attached to Pemco's Evidentiary Submission as Exhibits 4, 5, 6, 7, and 8, respectively).  Finally, Pemco relies on its Brief in Support of Motion for Summary Judgment, a copy of which is being filed simultaneously herewith.

WHEREFORE, PREMISES CONSIDERED, Defendant Pemco World Air Services, Inc. respectfully requests that this Court enter an Order granting summary judgment as a matter of law in its favor as to all claims asserted by the Plaintiff in this action.

Respectfully submitted,


_s/ John B. Holmes, III_
JEFFREY A. LEE
JOHN B. HOLMES, III
Attorneys for Defendant

OF COUNSEL:

MAYNARD, COOPER & GALE, P.C.
2400 AmSouth/Harbert Plaza
1901 Sixth Avenue North
Birmingham, Alabama  35203-2618
Telephone:     205.254.1000
Facsimile:     205.254.1999
Emails:         jlee@maynardcooper.com
                jholmes@maynardcooper.com


## CERTIFICATE OF SERVICE

I hereby certify that on September 24, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Elizabeth B. Glasgow
Farmer, Price, Hornsby & Weatherford, L.L.P.
100 Adris Place (36303)
Post Office Drawer 2228
Dothan, Alabama  36302


_s/ John B. Holmes, III_
OF COUNSEL