UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **Roger Wright,** § § | |
| **Plaintiff,** § § | |
| v. § § | Civil Action No.: 1:06 cv 647-WKW |
| **Pemco World Air Services, Inc.** § § | |
| **Defendant.** § | |

## PLAINTIFFS' MOTION FOR LEAVE TO AMEND COMPLAINT

COMES NOW, the Plaintiff, Roger Wright, pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, and hereby requests leave of Court to amend its complaint in this civil action. The amended complaint is attached hereto as **Exhibit "A"**.

The Plaintiff states that this amendment is necessary to add and to dismiss certain claims contained in the Complaint and the relevant facts associated therewith. Plaintiff seeks to add a count for retaliation under the ADEA due to recently revealed evidence. On September 24, 2007, as part of Defendant's Motion for Summary Judgment, the Defendant provided a Declaration of Dennis Johnson which states that Defendant chose not to rehire the Plaintiff after the Defendant became informed of the Plaintiff's opposition to the Defendant's violations of the FMLA and ADEA. The Plaintiff is adding a sixth count for retaliation under the ADEA due to this newly-discovered information.

Furthermore, Plaintiff is voluntarily dismissing Count IV regarding violations of the ADA, and also Count V regarding ERISA violations.

The Plaintiff further states that justice requires the allowance of this amendment so that all claims relating to the subject matter of this lawsuit may be resolved at one time. No party shall be prejudiced by the allowance of this amendment to Plaintiff's Complaint.

Respectfully submitted,

_s/ Elizabeth B. Glasgow_____
Elizabeth B. Glasgow
ASB-8348- S58E
Attorney for Plaintiff
P.O. Box 2228
Dothan, Alabama 36302
(334) 793-2424
F. (334) 793-6624
eglasgow@fphw-law.com

**CERTIFICATE OF SERVICE**

I hereby certify that on October 25, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

John Holmes, Esq.
Maynard, Cooper & Gale, P.C.
1901 Sixth Avenue North, Suite 2400
Birmingham, AL 35203

__s/ Elizabeth B. Glasgow_____

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| **Roger Wright,** § | | |
| § | | |
| Plaintiff, § | | |
| § | | |
| v. § | Civil Action No.: 1:06 cv 647-WKW | |
| § | | |
| **Pemco World Air Services, Inc.** § | JURY DEMAND | |
| § | | |
| Defendant. § | | |

**PLAINTIFF'S FIRST AMENDED COMPLAINT**

Plaintiff, Roger Wright, hereby amends his Complaint to insert Paragraph 12 in the Statement of Facts, to add Count VI, Retaliation under the ADEA, and to dismiss Counts IV and V.

**INTRODUCTION**

1. This is an action for legal and equitable relief to redress unlawful conduct under the Family and Medical Leave Act of 1993("FMLA"), 29 U.S.C. §2601 et. seq., and the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §621 et. seq. Suit is also brought to redress the deprivation of rights secured by Alabama State law. The Plaintiff requests a trial by jury of all issues so triable to a jury.

**JURISDICTION**

2. Jurisdiction is invoked pursuant to 28 U.S.C. §§1331, 29 U.S.C. §2601, and 29 U.S.C. 621 et. seq. Supplemental jurisdiction is appropriate pursuant to 28 U.S.C. §1367.

3. The Defendant, Pemco World Air Services, Inc., ("Pemco") employed the Plaintiff in Dale County, Alabama where the events or omissions giving rise to the plaintiff's

claim occurred. Therefore, venue in the Middle District of Alabama is proper pursuant to 28 U.S.C. §1391.

## PARTIES

4.      The Plaintiff, Roger Wright, was employed at Pemco for over 16 years and at the time of his termination was 55 years old. At all relevant times herein, he has been a resident of the State of Alabama. During the twelve month period, before taking Family Medical Leave, Wright worked in excess of 1250 hours and therefore, was an "eligible employee" under the Family and Medical Leave Act 29 U.S.C. §2611(2).

5.      The Defendant is a Delaware corporation and is doing substantial business in Dale County. It also employs more than 50 people and is an employer for all purposes herein.

## STATEMENT OF FACTS

6.      Mr. Wright worked for Pemco's predecessor, Hayes Aircraft from 1968 to 1972, and then returned to work for Pemco in 1989. In 1997 he was promoted to the position of the Manager of Facilities and was well qualified for his job. During 2005 Pemco began to cut back on its labor. Wright's immediate supervisor was the Director of Facilities, Henry Ward. Wright was informed that the initial plan was to do away with the Director's position and keep the Manager of Facilities position. Mr. Ward therefore retired and Wright was to be retained as the Manager of Facilities.

7.       In June 2005, Wright's doctor told him that he must have surgery in order to avoid permanent spinal damage and therefore surgery was scheduled for June 8, 2005.

Wright therefore had a serious health condition and was entitled to protection under the FMLA and he informed management of the need for leave right away.

8.   In planning for the leave, Wright spoke with Dennis Johnson, Vice President of Operations, prior to the surgery about staffing his position and Johnson agreed to move the evening shift facilities supervisor to temporarily cover for Wright. On June 3, 2005, however, Johnson indicated that he had changed his mind and that he would instead bring in Clarke Briody, a younger individual with no disabilities and no experience as a facilities manager to fill the job. He then asked Wright to train Briody for the position, which Wright did on June 6 and June 7, 2005.

9.   Wright then had surgery on June 8, 2005 and the normal recovery time for this surgery is six to eight weeks. At his four week doctor's appointment on July 6, 2005, Wright requested that he be allowed to go back to work two weeks early and the doctor reluctantly agreed after they discussed Mr. Wright's duties in management. The doctor allowed Wright to return to work effective July 11, 2005, but restricted him to six hour days. Mr. Wright phoned Johnson on July 6, 2005 and informed him that he would be back to work on Monday July 11, 2005, but on restricted status. Johnson told him to report to HR on Thursday, July 7th for a drug screen.

10.   Mr. Wright reported to HR on July 7, 2005, but HR said that no drug screen was required. Instead, Johnson informed Wright that Briody was permanently replacing him and that Wright would be demoted to a supervisory position with a pay cut. Wright reluctantly accepted the lower position. During this conversation, Wright also stated that since he would be on six hour days for the next two weeks and since he was not returning to

his former job as a manager, he wanted to take the two weeks as suggested by his doctor to fully recover and come back to the supervisor's position on full eight hour days. Johnson approved the leave and agreed that the return to work date would be Monday July 25, 2005.

11. On July 14, 2005, while still on leave, Wright was terminated.

12. On July 20, 2005, Wright's attorney sent a letter to Pemco informing it of FMLA and ADEA violations. Once apprised of the Plaintiff's opposition to the Defendant's unlawful conduct, Johnson failed to reinstate Wright to his former position.

13. The plaintiff has met all administrative conditions for filing this case under the above statutes. He filed a timely charge with the Equal Employment Opportunity Commission and is filing this suit within 90 days of receiving notice of his right to sue.

14. The Plaintiff has no adequate, or complete remedy at law to redress the wrongs alleged herein, and this suit for a declaratory judgment, back pay, mental anguish, an injunction, and compensatory and punitive damages is his only means of securing adequate relief. The Plaintiff is now suffering and will continue to suffer irreparable injury from Defendant's unlawful policies and practices as set forth herein unless enjoined by this Court.

## COUNT I
## FAMILY AND MEDICAL LEAVE ACT

15. The Plaintiff realleges and incorporates by reference paragraph 1 through 14 above.

16. The Defendant, through its agents and employees, unlawfully discriminated and retaliated against the Plaintiff for taking federally protected medical leave under the FMLA by failing to restore the plaintiff to his position following the leave and then demoting and terminating him.

17. As a proximate result of the foregoing acts and omissions of the Defendant, the Plaintiff has suffered damages including, but not limited to past and future lost wages, salary, employment benefits, or other compensation which were denied him by reason of the violation, together with the interest, and liquidated damages.

18. The plaintiff also seeks such equitable relief as may be appropriate, including employment, reinstatement, and promotion, and/or future earnings.

19. The plaintiff will also seek an award of attorney's fees, expert witness fees, and other costs of the action to be paid by the defendant and other damages allowed by law.

WHEREFORE, the plaintiff prays that judgment be entered in his favor and against the defendant herein for all such damages which are allowed by law to redress the wrong committed in violation of the Family Medical Leave Act

## COUNT II
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS (TORT OF OUTRAGE)

20. Plaintiff realleges and incorporates by reference herein paragraphs 1 through 19.

21. The Defendant engaged in extreme and outrageous conduct by unlawfully denying the plaintiff his rights under federal and state law and by intentionally dealing with the Plaintiff in a way as to intentionally cause the most distress possible. Defendant's conduct was not only unlawful, but was utterly atrocious and is conduct which is not tolerated by society.

22.	As a proximate result of the acts and omissions of the Defendant, the Plaintiff has suffered damages including past and future loss of earnings, benefits and other compensation, interest attorneys' fees, costs and other pecuniary loss.

23.	As a further proximate result of Defendants' conduct, the Plaintiff has suffered from severe emotional and mental distress, anguish, humiliation, embarrassment, shock, pain, discomfort and anxiety.

WHEREFORE, the Plaintiff prays that judgment be entered in his favor and against the Defendant herein for all such compensatory and punitive damages which are allowed by law.

## COUNT III
## AGE DISCRIMINATION IN EMPLOYMENT ACT

24.	Plaintiff realleges and incorporates by reference herein paragraphs 1 through 23 above.

25.	The Defendant willfully violated the Age Discrimination in Employment Act, 29 U.S.C. 621 et. seq. by intentionally and/or willfully demoting and then terminating the plaintiff because of his age, and then replacing him with a substantially younger individual.

26.	As a proximate result of the foregoing acts and omissions of the Defendant, the Plaintiff has suffered damages including, but not limited to past and future lost wages, salary, employment benefits, or other compensation which were denied him by reason of the violation, together with the interest, and liquidated damages.

27.	The plaintiff also seeks such equitable relief as may be appropriate, including but not limited to employment, reinstatement, and promotion.

28. The plaintiff will also seek an award of attorney's fees, expert witness fees, and other costs of the action to be paid by the defendant and other damages allowed by law.

WHEREFORE, the plaintiff prays that judgment be entered in his favor and against the defendant herein for all such damages which are allowed by law to redress the wrong committed in violation of the Age Discrimination in Employment Act.

## COUNT IV
## AMERICANS WITH DISABILITIES ACT
### Perceived disability

(Dismissed by Plaintiff)

## COUNT V
## ERISA

(Dismissed by Plaintiff)

## COUNT VI
## RETALIATION UNDER THE ADEA

29. The Plaintiff realleges and incorporates by reference paragraph 1 through 28 above.

30. The ADEA also states, "It shall be unlawful for an employer to discriminate against any of his employees…because such individual…has opposed any practice made unlawful by this section." 29 U.S.C. 623(d).

31. Here, the Defendant willfully violated the ADEA by failing to reinstate the Plaintiff due to the Plaintiff's opposition to the unlawful practices of the employer under the ADEA.

32. On July 20, 2005, Wright's attorney sent a letter to Pemco informing it of FMLA and ADEA violations. The Defendant admits that the receipt of this letter caused the Defendant to not reinstate Wright.

33. As a proximate result of the foregoing acts and omissions of the Defendant, the Plaintiff has suffered damages including, but not limited to past and future lost wages, salary, employment benefits, or other compensation which were denied him by reason of the violation, together with the interest, and liquidated damages.

34. The plaintiff also seeks such equitable relief as may be appropriate, including but not limited to employment, reinstatement, and promotion.

35. The plaintiff will also seek an award of attorney's fees, expert witness fees, and other costs of the action to be paid by the defendant and other damages allowed by law.

WHEREFORE, the plaintiff prays that judgment be entered in his favor and against the defendant herein for all such damages which are allowed by law to redress the wrong committed in violation of the Age Discrimination in Employment Act.

## EQUITABLE PRAYER FOR RELIEF

**WHEREFORE**, the plaintiff, in addition to the above claimed legal remedies also prays for a declaratory judgment holding that the actions of the Employer, described above, violated and continue to violate the rights of the plaintiff as secured by the respective federal statutes and that a permanent injunction enjoining the Employer, their agents, affiliates, successors, employees, attorneys and those acting in concert with the defendant and on the defendant's behalf from continuing to violate such laws and for such other and equitable relief as appropriate.

Respectfully submitted this 25th day of October 2007.

    _s/ Elizabeth B. Glasgow_____
Elizabeth B. Glasgow
ASB-8348- S58E
Attorney for Plaintiff
P.O. Box 2228
Dothan, Alabama 36302
(334) 793-2424
F. (334) 793-6624
eglasgow@fphw-law.com

**PLAINTIFF DEMANDS TRIAL BY STRUCK JURY
ON ALL ISSUES TRIABLE TO A JURY.**

    _s/ Elizabeth B. Glasgow_____
Elizabeth B. Glasgow

**CERTIFICATE OF SERVICE**

    I hereby certify that on October 25, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

John Holmes, Esq.
Maynard, Cooper & Gale, P.C.
1901 Sixth Avenue North, Suite 2400
Birmingham, AL 35203

    __s/ Elizabeth B. Glasgow_____