UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **Roger Wright,** | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
| **v.** | ) Civil Action No.: 1:06-CV- 647-WKW |
| | ) |
| **Pemco World Air Services, Inc.** | ) |
| | ) |
|     **Defendant.** | ) |

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S
MOTION FOR LEAVE TO AMEND COMPLAINT**

COMES NOW Defendant Pemco World Air Services, Inc. ("Pemco"), pursuant to the Court's October 30, 2007 Order, and hereby responds in opposition to Plaintiff's Motion for Leave to Amend Complaint. In support of its opposition, Pemco states as follows:

1. On July 20, 2006, Plaintiff filed his Complaint comprised of five separate counts. In Count III of his Complaint, Plaintiff alleges a violation of the Age Discrimination in Employment Act ("ADEA"). Specifically, Plaintiff alleges that Pemco willfully violated the ADEA "by intentionally and/or willfully demoting and then terminating the plaintiff because of his age, and then replacing him with a substantially younger individual."

2. On October 10, 2006, the Court issued its Uniform Scheduling Order setting forth the schedule for discovery and the filing of motions. Section 4 of the Uniform Scheduling Order expressly provides that motions to amend the pleadings and to add parties shall be filed on or before December 29, 2006.

3. Plaintiff did not issue his first discovery requests and deposition notices until January 23, 2007, or after the deadline for filing motions to amend the pleadings as set by the Uniform Scheduling Order.

4.      Plaintiff's counsel subsequently deposed Dennis Johnson on August 7, 2007. Despite being made aware that Johnson was the decision-maker concerning Plaintiff's employment, at no point during Johnson's deposition did Plaintiff's counsel ask for the reason Johnson chose not to rehire Plaintiff in 2005. (See the Deposition of Dennis Johnson, Exhibit 4 to Pemco's Evidentiary Submission).

5.      On September 24, 2007, Pemco submitted the Declaration of Dennis Johnson as part of its evidentiary submission in support of its motion for summary judgment. Johnson's Declaration provides that he reasonably interpreted Plaintiff's demand for increased severance to mean that Plaintiff was interested in more money – not returning to work at Pemco.

6.      Over a month later, on October 25, 2007, Plaintiff filed his Motion for Leave to Amend Complaint citing Fed. R. Civ. P. 15(a). In support of his motion, Plaintiff asserts that the amendment is necessary to add and to dismiss certain claims in his Complaint, including adding a retaliation claim under the ADEA. According to Plaintiff's motion, the new ADEA retaliation claim is based solely on "recently revealed evidence" provided in Johnson's Declaration.

7.      Plaintiff's motion should be denied for several reasons. First, Plaintiff's motion is untimely according to the deadline set forth in the Uniform Scheduling Order. Plaintiff did not initiate discovery until January 23, 2007, or after the deadline for filing motions to amend the pleadings. Second, once discovery commenced, neither Johnson nor Pemco were asked why Plaintiff was not rehired in 2005. Any new discovery of evidence, including the reason Johnson chose not to contact Plaintiff for rehire, was not due to any delay on the part of Pemco. Third, as set forth in Pemco's summary judgment briefs, Johnson's actions pursuant to his reasonable interpretation of Plaintiff's demand for additional severance do not and cannot constitute evidence of retaliation based on Plaintiff's age. As a result, an additional count based solely on this portion of Johnson's Declaration would be ripe for dismissal. Lastly, Plaintiff's Complaint

does not need to be amended to memorialize his voluntary dismissal of Counts IV and V of his Complaint.

8. Justice does not require the leave requested and Pemco should not have to incur the costs associated with answering an Amended Complaint at this late stage of the case.

9. For these reasons, Plaintiff's motion to amend should be denied.

WHEREFORE, PREMISES CONSIDERED, Defendant Pemco World Air Services, Inc. respectfully requests that this Court enter an Order denying Plaintiff's Motion for Leave to Amend Complaint.

                                        Respectfully submitted,

                                        *s/ John B. Holmes, III*
                                        JEFFREY A. LEE
                                        JOHN B. HOLMES, III
                                        Attorneys for Defendant

OF COUNSEL:

MAYNARD, COOPER & GALE, P.C.
2400 Regions/Harbert Plaza
1901 Sixth Avenue North
Birmingham, Alabama 35203-2618
Telephone: 205.254.1000
Facsimile: 205.254.1999
Emails: jlee@maynardcooper.com
             jholmes@maynardcooper.com

**CERTIFICATE OF SERVICE**

      I hereby certify that on November 13, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Elizabeth B. Glasgow
Farmer, Price, Hornsby & Weatherford, L.L.P.
100 Adris Place (36303)
Post Office Drawer 2228
Dothan, Alabama  36302

                                              *s/ John B. Holmes, III*
                                              OF COUNSEL