UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| **Roger Wright,** § | | |
| § | | |
| **Plaintiff,** § | | |
| § | | |
| v. § | Civil Action No.: 1:06 cv 647-WKW | |
| § | | |
| **Pemco World Air Services, Inc.** § | | |
| § | | |
| **Defendant.** § | | |

### PLAINTIFF'S RESPONSE TO DEFENDANT'S OPPOSITION TO MOTION FOR LEAVE TO AMEND COMPLAINT

COMES NOW, the Plaintiff, Roger Wright, and hereby responds to Defendant's Opposition to Plaintiff's Motion for Leave to Amend Complaint.

The Plaintiff's Motion for Leave to Amend the Complaint was filed because it is necessary to add and to dismiss certain claims contained in the Complaint. Based on evidence revealed in September 2007, more than a year after the Uniform Scheduling Order was entered, Plaintiff seeks to add a count for retaliation under the ADEA. On September 24, 2007, as part of Defendant's Motion for Summary Judgment, the Defendant provided a Declaration of Dennis Johnson which states that Defendant chose not to rehire the Plaintiff after the Defendant became informed of the Plaintiff's opposition to the Defendant's violations of the FMLA and ADEA.

The amendment of pleadings with regard to Scheduling Orders has been discussed by the courts: "Unbending adherence to the strictures of Rule 16 would, however, frustrate another broad policy of the Federal Rules favoring liberality of amendment. This policy is principally embodied in Rule 15, which deals with amendments to the pleadings. It is unlikely that the pretrial order under Rule 16 was intended to make the pleadings, and therefore Rule 15, obsolete. [Citations omitted].

Even though the parties have the advantage of discovery before the pretrial conference, events not anticipated at the pretrial stage may often occur at the trial. [Citations omitted]. And attorneys would be reluctant to enter agreements at the pretrial conference if later amendments were strictly forbidden." *Wallin v. Fuller*, 476 F.2d 1204, 1209 (5th Cir. 1973).

Rule 15(a)(2), Fed. R. Civ. P., states that a court "should freely give leave when justice so requires." If permission is given by the court, amendments may be made at any time, irrespective of the Scheduling Order. The deadlines and strictures given by the Scheduling Order do not outweigh the tradition of liberality given in regard to the amendment of pleadings, and there is no precedent for such.

The Plaintiff states that justice requires the allowance of the amendment so that all claims relating to the subject matter of this lawsuit may be resolved at one time. The additional claim is in response to newly-discovered evidence, and no party shall be prejudiced by the allowance of this amendment to Plaintiff's Complaint.

                Respectfully submitted,

                _s/ Elizabeth B. Glasgow_____
                Elizabeth B. Glasgow
                ASB-8348- S58E
                Attorney for Plaintiff
                P.O. Box 2228
                Dothan, Alabama 36302
                (334) 793-2424
                F. (334) 793-6624
                eglasgow@fphw-law.com

## **CERTIFICATE OF SERVICE**

      I hereby certify that on November 19, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

John Holmes, Esq.
Maynard, Cooper & Gale, P.C.
1901 Sixth Avenue North, Suite 2400
Birmingham, AL 35203

                                  __**s/ Elizabeth B. Glasgow**_____