IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ROGER WRIGHT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:06-cv-0647-WKW |
| | ) |
| PEMCO WORLD AIR SERVICES, INC., | ) |
| | ) |
| Defendant. | ) |

### **ORDER**

This case is before the court on the Motion for Leave to Amend Complaint filed by Plaintiff Roger Wright ("Wright") on October 25, 2007. (Doc # 30.) The court entered a Uniform Scheduling Order on October 10, 2006 (Doc. # 9 § 4) that set the deadline for filing motions to amend the pleadings as December 27, 2006. Wright's motion to amend was filed almost ten months *after* the scheduling order deadline had passed and less than eleven weeks before the commencement of trial.

The Eleventh Circuit has held that Rule 15 governs a motion for leave to amend pleadings filed *within* the time limits imposed by a court's scheduling order. *See Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1419 (11th Cir. 1998). However, the standard of Rule 16(b) of the Federal Rules of Civil Procedure applies to a motion for leave to amend the pleadings filed *outside* of a court's scheduling order. *See id.* Rule16(b) explicitly states that a court's scheduling order "shall not be modified except upon a showing of good cause and by leave of the district judge." Fed. R. Civ. P. 16(b) The main inquiry under the good cause standard is the diligence of the movant in meeting the deadlines imposed by the scheduling order. *See, e.g.*, *Nobles v. Rural Cmty. Ins. Servs.*, 303 F. Supp. 2d 1279 (M.D. Ala. 2004); *Sosa,* 133 F.3d at 1418 (holding that the good cause

standard "precludes modification unless the schedule cannot be met despite the diligence of the party seeking the extension").

Wright was not diligent in meeting the deadline for amending his complaint because he had ample opportunity to uncover the information that provides the basis for his motion to amend during discovery. Furthermore, the addition of a new claim this close to trial, and after a motion for summary judgment has been fully briefed, would prejudice the defendant and disrupt the timely disposition of this case. Wright has not met the good cause standard embodied in Rule 16 to justify amending the Uniform Scheduling Order. Therefore, it is ORDERED that Plaintiff's Motion for Leave to Amend Complaint (Doc. # 30) is DENIED.

DONE this 21st day of November, 2007.

/s/  W.  Keith Watkins
UNITED STATES DISTRICT JUDGE